**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Elliott RYERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 2002.
Filed Feb. 6, 2003.

**512**

Jeanne Trivellini, Reading, for appellant.

Alisa R. Hobart, Assistant District Attorney, Reading, for Com., appellee.

Before: DEL SOLE, P.J., STEVENS, and KELLY, JJ.

STEVENS, J.

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Berks County following Appellant's conviction on the charges of possession of a controlled substance (marijuana),[1] manufacture of a controlled substance (marijuana),[2] and possession of drug paraphernalia.[3] On appeal, Appellant contends (1) the suppression court erred in denying Appellant's motion to suppress, (2) the trial court erred in denying Appellant's motion for judgment of acquittal, and (3) the trial court erred in sentencing Appellant. We affirm.

¶ 2 The relevant facts and procedural history are as follows: In April of 2001, Appellant rented a room at the Penn Warner Hotel in Wernersville, Pennsylvania. N.T. 2/27/02 at 24. On April 26, 2001, while on duty, Chief Scott Wagner of the Wernersville Police Department observed from the street marijuana plants growing in the room's window, along with a growing lamp. As a result, on April 26, 2001, Chief Wagner completed an affidavit of probable cause in order to obtain a search warrant for the hotel room at issue, and Chief Wagner received a search warrant that same day. The affidavit of probable cause reads as follows:

I observed (5) plants that appear to be marijuana on the windowsill of a room on the second floor, west side of the building. There is also a growing lamp in the window.

I ascertained from [the] owner that room number is (5), which is registered to Elliott G. Ryerson. I ascertained that Ryerson was arrested in New York for drug offenses in 1974, 1976, 1979, and 1987.

I have attended numerous drug training classes/seminars in my (20) year law enforcement career. I have also participated in numerous drug investigations.

¶ 3 On April 26, 2001, Chief Wagner, Sergeant Robert A. Johnson, Jr., and Patrolman Justin Morrow of the Wernersville Police Department executed the search warrant. N.T. 2/27/02 at 28. During the search, the police seized twelve marijuana plants from the windowsill, a lamp which

1.  35 P.S. § 780–113(a)(31).

2.  35 P.S. § 780–113(a)(30).

3.  35 P.S. § 780–113(a)(32).

was suspended above the plants, a baggie containing vegetable matter, a baggie containing 3.5 grams of marijuana stems, and potting soil. N.T. 2/27/02 at 53–58. The live plants ranged in height from five to eighteen inches and consisted of 6.9 grams of marijuana. N.T. 2/27/02 at 59.

¶ 4 Appellant was arrested in connection with the possession of the marijuana and paraphernalia, and on July 17, 2001, represented by Simon Grill, Esquire, Appellant filed a pre-trial motion seeking, *inter alia,* suppression of the evidence seized from the hotel room. The trial court denied Appellant's motion to suppress.

¶ 5 Appellant proceeded to a jury trial on February 27, 2002, and he was convicted of possession of a controlled substance, manufacture of a controlled substance, and possession of drug paraphernalia. Following Appellant's conviction, the Commonwealth filed a notice of intent to seek the mandatory sentence. Appellant was sentenced to one to two years in prison for manufacture of a controlled substance, plus a $5,000.00 fine, fifteen days to thirty days in prison for possession of a controlled substance, and fifty days to twelve months for possession of drug paraphernalia, the sentences to run concurrently. Represented by Assistant Public Defender Jeanne M. Trivellini, Esquire, Appellant filed a timely notice of appeal. The trial court ordered Appellant to file a concise statement pursuant to Pa.R.A.P.1925(b), Appellant filed the required statement, and the trial court filed a Pa.R.A.P.1925(a) opinion.

¶ 6 Appellant first contends that the suppression court erred in denying Appellant's motion to suppress since the search warrant was defective. Specifically, Appellant contends that the warrant was not supported by probable cause since Chief Wagner never averred in the affidavit of probable cause the date he observed the marijuana plants on the windowsill. In addition, Appellant contends that the search warrant was fatally flawed since Chief Wagner failed to mention in the affidavit that the police had a videotape of the windowsill and the police had been contacted by an anonymous informant, which led to Chief Wagner's observation of the windowsill.

¶ 7 Our standard of review for an appeal denying a motion to suppress is well settled.

In reviewing the decision of a suppression court, we must ascertain whether the record supports the factual findings of the suppression court and then determine the reasonableness of the inferences and legal conclusions drawn therefrom. We will consider only the evidence of the Commonwealth and that defense evidence which remains uncontradicted when read in the context of the entire record.

*Commonwealth v. Johnson,* 734 A.2d 864, 869 (Pa.Super.1999).

¶ 8 "In determining whether the warrant is supported by probable cause, the magistrate may not consider any evidence outside the four-corners of the affidavit." *Commonwealth v. Sharp,* 453 Pa.Super. 349, 683 A.2d 1219, 1223 (1996) (citations omitted).

The legal principles applicable to a review of the sufficiency of probable cause affidavits are well settled. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating a search warrant is a 'totality of the circumstances' test as set forth in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and

adopted in *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). A magistrate is to make a 'practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' The information offered to establish probable cause must be viewed in a common sense, non-technical manner. Probable cause is based on a finding of the probability, not a prima facie showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause.

*Commonwealth v. Dean,* 693 A.2d 1360, 1365 (Pa.Super.1997) (citations, quotations, and emphasis omitted).

■ ¶ 9 We find Appellant's first suppression claim to be meritless. While Chief Wagner did not specifically state in the affidavit of probable cause the date on which he observed the marijuana, it is clear that such information was provided in the application for the search warrant, which was attached to the affidavit. That is, in the application, Chief Wagner indicated that the date of the violation in question was on April 20, 2001. Since the date of the violation was before the issuing authority at the time Chief Wagner sought the search warrant, and the issuing authority was to use a common-sense, non-technical approach, we conclude that Chief Wagner sufficiently indicated the date on which he observed the marijuana on the windowsill, and, therefore, the information was not stale.

■ ¶ 10 Appellant's second and third suppression claims are that the search warrant is fatally flawed since Chief Wagner failed to mention in the affidavit that the police had a videotape of the windowsill or that Chief Wagner first learned of the marijuana plants from an informant. In support of his claim that such omissions render the search warrant defective, Appellant cites *Commonwealth v. D'Angelo,* 437 Pa. 331, 263 A.2d 441 (1970), *Commonwealth v. Clark,* 412 Pa.Super. 92, 602 A.2d 1323 (1992), and *Commonwealth v. Bonasorte,* 337 Pa.Super. 332, 486 A.2d 1361 (1984). We find Appellant's reliance on these cases to be misplaced.

¶ 11 In *D'Angelo,* the Pennsylvania Supreme Court concluded that the magistrate issued a search warrant on misleading and false information provided in the affidavit of probable cause, to wit, an officer's false statement in an affidavit that D'Angelo was identified as the person who entered a store which was robbed. In *Clark,* the issue was whether a police officer made material misrepresentations in the affidavit, and in *Bonasorte,* the issue was whether a confidential informant gave inaccurate information, which was included in the affidavit of probable cause, to a police officer. In both cases, this Court held that if a search warrant is based on an affidavit containing deliberate or knowing misstatements of material fact, the search warrant is invalid. *Clark,* 602 A.2d at 1326; *Bonasorte,* 486 A.2d at 1369. *See Commonwealth v. Murphy,* 795 A.2d 997, 1005 (Pa.Super.2002) (" '[I]f a search warrant is based on an affidavit containing deliberate or knowing misstatements of material fact, the search warrant is invalid.' *Clark,* 602 A.2d at 1325.").

¶ 12 In the case *sub judice,* Appellant is not claiming that the affidavit of probable cause contained material misstatements of fact. Rather, he is challenging the omission of certain facts. As such, we find the cases cited by Appellant to be inapplicable, and, since Appellant has not developed this issue in any other manner, we find no relief is due. *See* Pa.R.A.P. 2119.

¶ 13 Appellant's next contention is that the trial court erred in denying Appellant's motion for judgment of acquittal since the Commonwealth destroyed the marijuana plants, thereby precluding Appellant from having the plants tested or inspected prior to trial. We find this issue to be waived.

¶ 14 On October 28, 1999, the Pennsylvania Supreme Court filed an opinion in *Commonwealth v. Lord*, 553 Pa. 415, 417, 719 A.2d 306, 308 (1999), specifically holding that "from this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pa.R.A.P.] 1925. Any issues not raised in a 1925(b) statement will be deemed waived." The Supreme Court reasoned that:

> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Lord*, 553 Pa. at 417, 719 A.2d at 308.

¶ 15 In the case *sub judice*, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant so complied. However, Appellant failed to aver that the trial court erred in denying Appellant's motion for judgment of acquittal on the basis that the Commonwealth destroyed evidence. Therefore, the trial court did not address the issue in its opinion, and we find the issue to be waived.

¶ 16 Appellant's final claim is that the trial court erred in imposing the mandatory minimum of one to two years in prison for Appellant's conviction for manufacture of a controlled substance. Specifically, Appellant contends that (1) the Common-wealth failed to prove that Appellant possessed at least ten marijuana plants and (2) the jury should have been required to make a finding as to the number of plants possessed by Appellant before the mandatory minimum could be imposed.

¶ 17 18 Pa.C.S.A. § 7508 provides, in relevant part, that:

> When the amount of marijuana involved is at least two pounds, but less than ten pounds, or at least ten live plants but less than 21 live plants; one year in prison and a fine of $5,000.00...; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: two years in prison and a fine of $10,000.00....

18 Pa.C.S.A. § 7508(a)(1)(i).

Where a minimum sentence is statutorily mandated, a sentencing court lacks the authority to impose a sentence less severe than dictated by the legislature. Moreover, a sentencing court may not reassess the facts upon which it previously relied to establish guilt. However, before imposing a mandatory minimum sentence, a sentencing court must determine whether the offense for which the defendant was convicted falls within the parameters of the sentencing scheme. This requires a separate determination by the sentencing court. 18 Pa.C.S.A. § 7508(b) provides:

> Provisions of (the Mandatory Minimum Sentence) shall not be an element of the crime....The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

*Commonwealth v. Bess,* 789 A.2d 757, 761 (Pa.Super.2002) (citations and quotation omitted).

■ ¶ 18 During trial, Sergeant Johnson testified that the police seized twelve or thirteen marijuana plants from the hotel room at issue. N.T. 2/27/02 at 29. Chief Wagner testified at trial that the police seized twelve marijuana plants, which were in ten containers. N.T. 2/27/02 at 53. Chief Wagner indicated that the plants ranged in height from five to eighteen inches in height. N.T. 2/27/02 at 59. The Commonwealth entered into evidence the inventory receipt, which indicated that ten marijuana plants were seized. During sentencing, the Commonwealth indicated that the testimony at trial established that the police seized twelve marijuana plants. N.T. 4/3/02 at 12.

¶ 19 We conclude that the evidence established by a preponderance of the evidence that Appellant possessed at least ten live marijuana plants. While there was some inconsistency as to whether the number of plants was ten, twelve, or thirteen, the evidence established that at least ten plants were possessed by Appellant. Therefore, the sentencing court did not err in imposing the mandatory minimum sentence on this basis.

■ ¶ 20 Appellant also contends that, before the mandatory minimum sentence could be imposed, the jury should have been required to make a specific finding as to the number of live marijuana plants possessed by Appellant. Appellant cites *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) in support of his claim.

In *Apprendi,* the appellant pled guilty to two counts of possession of a firearm for an unlawful purpose and one count of possession of an antipersonnel bomb. A New Jersey trial judge found, by a preponderance of the evidence, that the crime was racially motivated and that the state's hate crime sentencing enhancement applied. [The][a]ppellant was sentenced on one of the firearm possession counts to a 12–year term of imprisonment and to shorter concurrent sentences on the other two counts. The maximum sentence for the firearms count was ten years. A divided New Jersey Supreme Court affirmed. [The United States] Supreme Court reversed, holding that:

> [o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

*Commonwealth v. Lowery,* 784 A.2d 795, 799 (Pa.Super.2001) (citations and quotation omitted).

¶ 21 Recently, in *Commonwealth v. Graham,* 799 A.2d 831 (Pa.Super.2002), this Court examined the applicability of *Apprendi.* The appellant in *Graham* was convicted of delivery of a controlled substance and the mandatory sentencing provisions of the drug-free school zone were applied. On appeal, the appellant argued that the jury should have made a determination as to whether the drug sale was made within one thousand feet of a school zone, thereby mandating the mandatory minimum sentence. This Court concluded that *Apprendi* was inapplicable since the court did not impose a sentence in excess of the statutory maximum. "As the two-to-four year sentence is not even half of the statutory maximum, the [Graham] case [did] not implicate the holding laid down in Apprendi." *Graham,* 799 A.2d at 834.

¶ 22 In the case *sub judice,* Appellant possessed at least ten live marijuana plants, and, therefore, he was subject to the mandatory minimum for manufacture

of a controlled substance. The trial court sentenced Appellant to one to two years in prison and imposed a $5,000.00 fine. However, the statutory maximum sentence is five years and a fine not to exceed $15,000.00. 35 P.S. § 780–113(f)(2). Since the sentence imposed upon Appellant is less than the statutory maximum, we conclude that *Apprendi* does not control this case. *See Graham, supra; Lowery, supra* (holding that the protections extended by *Apprendi* were not triggered since the appellant's sentence was below the statutory maximum).[4]

¶ 23 Affirmed.

---

4. We note that Appellant urges this Court to accept the dissent's reasoning in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and hold that a jury must determine the number of marijuana plants Appellant possessed. We decline to do so.