J-A14028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VINCENT LEROY CARR | |
| Appellant | No. 1582 MDA 2014 |

Appeal from the Judgment of Sentence August 20, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000623-2014

BEFORE: BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.: **FILED MAY 18, 2015**

Appellant Vincent Leroy Carr appeals from the judgment of sentence entered in the York County Court of Common Pleas following his bench trial conviction for possession of a controlled substance with intent to deliver ("PWID").[1] We affirm Appellant's conviction, but vacate his judgment of sentence and remand for resentencing.

The trial court sets forth the relevant facts of this appeal as follows:

> Detective Scott Nadzom had been receiving information from an informant that a known unwitting drug dealer was being supplied with or obtaining cocaine from an unknown black male drug dealer, who resides in the area of 502 N.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

Pershing Ave. in York City. The known unwitting drug dealer redistributes or sells the cocaine to other people.

During a controlled buy, the informant called the known unwitting drug dealer to purchase cocaine. Detective Nadzom searched the informant's vehicle for any type of contraband with a negative result. He [then] supplied the informant with official funds to purchase the cocaine. At this point, the detective followed the informant to a predetermined location where he observed the informant meet with the known unwitting drug dealer. The informant remained under constant police surveillance, while other police observed the known drug dealer go directly from the informant to the first floor apartment of 502 N. Pershing Ave. A short time later, police observed the known unwitting drug dealer exit the residence and return directly to the informant.

After the meet was complete, police followed the informant to a predetermined location where the informant turned over the cocaine he had purchased. The informant's vehicle was again searched with negative results. The informant told police that the known unwitting drug dealer told him that his cocaine supplier at 502 N. Pershing Ave 1st floor apartment had additional amounts of cocaine for sale. The informant in this case is a multi-drug dealer and user who is familiar with how cocaine is used, packaged, and sold in York County.

Based on this information from the informant and the surveillance and controlled [buy], Detective Nadzom applied for and was subsequently issued a search warrant for 502 N. Pershing Ave. Upon execution of the search warrant, [Appellant] was charged with [PWID].

Trial Court Order Denying Appellant's Omnibus Pre-Trial Motion ("6/9/14 Order"), filed June 9, 2014, at 1-2 (page numbers supplied) (internal footnotes omitted).

On May 16, 2014, Appellant filed an omnibus pre-trial motion, including a motion to suppress evidence. The court conducted a hearing on

- 2 -

May 19, 2014, and denied Appellant's motions on June 9, 2014. Following a stipulated bench trial conducted on June 18, 2014, the court convicted Appellant of PWID. N.T. 6/18/14, at 9-12. The court further found Appellant possessed 13 grams of cocaine in a school zone. *Id.*

On June 26, 2014, the Commonwealth filed a notice of application of mandatory minimum sentence pursuant to 18 Pa.C.S. §§ 7508 and 6317. On July 29, 2014, Appellant filed a motion for extraordinary relief on the basis that the mandatory minimum statutes are no longer facially constitutional in light of **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013). On July 31, 2014, Appellant filed a sentencing memorandum requesting an intermediate punishment sentence of 24 months, with the first six months on electronically monitored house arrest due to his family considerations, lack of criminal history over the past 27 years, severe medical history, and current medical condition. The same day, the court conducted a sentencing hearing and requested further case law on sentencing enhancements. On August 20, 2014, the court conducted another sentencing hearing during which it asked the Commonwealth which mandatory sentence it wanted applied. The Commonwealth indicated it wanted the court to apply the drug weight mandatory minimum, pursuant to 18 Pa.C.S. §§ 7508(3)(ii)(a). The court sentenced Appellant as follows:

> The court previously found [Appellant] guilty of [PWID], the weight that the court found was greater than 10 grams but less than a hundred. Therefore, the minimum applies.

> [Appellant] is sentenced to 3 to 6 years in the state correctional institute.

N.T., 8/20/14, at 9-10.

On September 19, 2014, Appellant timely filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

Appellant raises the following issues for our review:

> 1. WHETHER THE TRIAL COURT ERRED IN ITS JUNE 9, 2014 ORDER DENYING [APPELLANT'S] OMNIBUS PRETRIAL MOTION, WHICH SOUGHT SUPPRESSION OF EVIDENCE OBTAINED PURSUANT TO THE EXECUTION OF A SEARCH WARRANT AT [APPELLANT'S] RESIDENCE, CONTENDING THAT THE JANUARY 21, 2014 APPLICATION FOR SEARCH WARRANT AND ACCOMPANYING AFFIDAVIT LACKED SUFFICIENT PROBABLE CAUSE, IN VIOLATION OF [APPELLANT'S] RIGHT TO BE FREE OF UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 8 OF THE PENNSYLVANIA CONSTITUTION?
>
> 2. WHETHER THE TRIAL COURT ERRED IN ITS AUGUST 20, 2014 IMPOSITION OF 3 TO 6 YEARS['] IMPRISONMENT PURSUANT [TO] THE MANDATORY MINIMUM SENTENCING PROVISIONS OF THE PENNSYLVANIA DRUG TRAFFICKING SENTENCING AND PENALTIES STATUTE, ERRING IN CONCLUDING THAT THIS STATUTE REMAINS FACIALLY CONSTITUTIONAL IN LIGHT OF THE UNITED STATES SUPREME COURT'S JUNE 17, 2013 DECISION IN **ALLEYNE V. UNITED STATES**, AS THIS STATUTE VIOLATES

---

[2] On September 23, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On October 14, 2014, Appellant filed a motion for an extension of time in which to file his concise statement. On October 17, 2014, the court granted Appellant's motion and ordered him to file a Rule 1925(b) statement within 30 days. Appellant timely complied on November 14, 2014, and the trial court issued its Rule 1925(a) opinion on December 4, 2014.

[APPELLANT'S] RIGHT TO TRIAL BY JURY GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 6 OF THE PENNSYLVANIA CONSTITUTION?

Appellant's Brief at 4.

In his first issue, Appellant challenges the sufficiency of the affidavit of probable cause supporting the search warrant. Appellant argues the affidavit lacked a basis for the confidential police informant's reliability or veracity. Further, he complains that the affidavit rests upon double-hearsay statements without any additional showing of reliability or veracity of the unwitting drug dealer. He concludes the court erred in denying his motion to suppress evidence obtained as a result of the execution of the search warrant. We disagree.

When addressing a challenge to a trial court's denial of a suppression motion, our standard of review is "whether the factual findings are supported by the record and whether the legal conclusions drawn from these facts are correct." *Commonwealth v. Hawkins*, 45 A.3d 1123, 1126 (Pa.Super.2012), *appeal denied*, 53 A.3d 756 (Pa.2012) (internal citation omitted). Further:

> [w]hen reviewing the rulings of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Id.* (citations and internal quotation marks omitted).

Evidence obtained in violation of a defendant's right to be free from unreasonable searches and seizures cannot be used against him at trial. **See Commonwealth v. Lee**, 972 A.2d 1, 5 (Pa.Super.2009). "Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." **Commonwealth v. Wallace**, 42 A.3d 1040, 1047-48 (Pa.2012) (citing Pa.R.Crim.P. 581(H); **Commonwealth v. Hamilton**, 673 A.2d 915, 916 (Pa.1996)).

The Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect against unreasonable searches and seizures. **See Commonwealth v. Gillespie**, 103 A.3d 115, 118 (Pa.Super.2014). The Pennsylvania Constitution provides, in relevant part:

> **§ 8. Security from searches and seizures**
>
> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Pa. Const. Art. I, § 8.

"In determining whether the warrant is supported by probable cause, the magistrate may not consider any evidence outside the four-corners of the affidavit." **Commonwealth v. Ryerson**, 817 A.2d 510, 513

(Pa.Super.2003) (quoting *Commonwealth v. Sharp*, 683 A.2d 1219, 1223

(Pa.Super.1996). Additionally,

> [t]he legal principles applicable to a review of the sufficiency of probable cause affidavits are well settled. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating a search warrant is a 'totality of the circumstances' test as set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and adopted in *Commonwealth v. Gray*, 503 A.2d 921 ([Pa.]1985). A magistrate is to make a "practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." The information offered to establish probable cause must be viewed in a common sense, non-technical manner. Probable cause is based on a finding of the probability, not a prima facie showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause. *Commonwealth v. Dean*, 693 A.2d 1360, 1365 (Pa.Super.1997) (citations, quotations, and emphasis omitted).

*Ryerson, supra* at 513-14.

Regarding confidential informants, our Supreme Court has held that:

> a determination of probable cause based upon information received from a confidential informant depends upon the informant's reliability and basis of knowledge viewed in a common sense, non-technical manner. *Commonwealth v. Luv*, 735 A.2d 87, 90 ([Pa.]1999). Thus, an informant's tip may constitute probable cause where police independently corroborate the tip, **or** where the informant has provided accurate information of criminal activity in the past, **or** where the informant himself participated in the criminal activity. *Id.* The corroboration by police of significant details disclosed by the informant in the

affidavit of probable cause meets the *Gates* threshold. *Commonwealth v. Sanchez*, 907 A.2d 477, 488 ([Pa.]2006) (quoting *United States v. Tuttle*, 200 F.3d 892, 894 (6th Cir.2000)) ("[I]nformation received from an informant whose reliability is not established may be sufficient to create probable cause where there is some independent corroboration by police of the informant's information.") [The Pennsylvania Supreme] Court has recently expressed the standard broadly: "The linch-pin that has been developed to determine whether it is appropriate to issue a search warrant is the test of probable cause. Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." *Commonwealth v. Jones*, 988 A.2d 649, 655 ([Pa.]2010) (citations omitted).

*Commonwealth v. Clark*, 28 A.3d 1284, 1288 (Pa.2011).

In this case, the affidavit of probable cause provided:

The undersigned is Det. Scott Nadzom who has been a police officer with the York City Police for the last 18 years and I am currently assigned to the Vice & Narcotics Unit of the York City Police Department. I was also a member of the York County Drug Task Force from 1997 until 2013. Over my career as a police officer with York City, I have been involved in or associated with over a thousand drug investigations.

Within the last month l received information that a known unwitting drug dealer is being supplied with or obtaining cocaine from an unknown black male drug dealer, who resides in the area of 502 N. Pershing Ave. in York City, then the known unwitting black male drug dealer redistributes or sell[s] this cocaine to other people.

Within the last 72 [hours], the same informant as noted above called a known unwitting drug dealer and ordered up a quantity of cocaine. With that, I searched the informant and [its] vehicle for any type of contraband with negative results then I supplied the informant with official

- 8 -

funds (photocopied) to purchase cocaine from the known unwitting drug dealer. I followed the informant to a pre-determined location where I observed the informant meet with the known unwitting drug dealer. The informant remained stationary under constant police surveillance while other police observed the known unwitting drug dealer go directly from the informant to 502 N. Pershing Ave. where the known unwitting drug dealer entered the 1st floor apt. of 502 N. Pershing Ave. A short time later, police observed the known unwitting drug dealer exit 502 N. Pershing Ave. 1st floor apt. and return directly to the informant. After the meet was complete between the informant and the known unwitting drug dealer, police followed the informant to a pre-determined location where the informant turned over a quantity of cocaine which the informant purchased from the known unwitting drug dealer with official funds. The item purchased from the known unwitting drug dealer field-tested positive for cocaine. I searched the informant and it's vehicle again for any type of contraband with negative results. The known unwitting drug dealer told the informant that the known unwitting drug dealer's cocaine supplier at 502 N. Pershing Ave. 1st floor apt. had additional amounts of cocaine for sale. The informant involved in this incident is a multi-drug dealer/user who is familiar with how cocaine is used, packaged and sold in York County.

During the above-described incident, police kept the informant under constant surveillance and the informant only had contact with the known unwitting drug dealer. Police also surveilled the known unwitting drug dealer throughout the duration of this incident except for the time period the known unwitting drug dealer was inside 502 N. Pershing Ave. 1st floor apt. in York City.

With regard to the known unwitting drug dealer and other on-going drug investigations as it relates to the informant involved in this incident, the known unwitting drug dealer will be charged with felony drug deliveries at a later date.

Based on the above information I request a search warrant for 502 N. Pershing Ave. 1st floor apt. (City of York) in order to search for additional amounts of cocaine as well as the official funds used in the above described incident.

> Also include any curtilage associated with the residence as well as all persons present during the service of the warrant. I am requesting all persons to be searched based on this detective's experience that cocaine can be concealed on a person and later destroyed.

Affidavit of Probable Cause, dated January 21, 2014.

Based on this affidavit of probable cause, the magistrate properly issued a search warrant. The trial court reasoned:

> Here, the controlled buy corroborated the information given to police by the informant. The police observed the known drug dealer[,] who redistributes the cocaine from his supplier, enter the residence, exit, and deliver cocaine to the informant. This fact certainly connected the illegal transaction to [Appellant's] residence, in a common sense, non-technical way, and permitted the issuing authority to conclude that drugs would likely be found in the residence. Under the totality of the circumstances, there was a sufficient connection between the residence and the transaction to corroborate the [informant's] information that drugs were stored in the residence, and to support a determination of probable cause to issue a search warrant to search the residence.

6/9/14 Order at 5-6. We see no reason to disturb the trial court's order denying Appellant's suppression motion, because the record supports the court's factual findings and its legal conclusions are correct. *See Hawkins, supra*.

In his second issue, Appellant argues the trial court erred by imposing the mandatory minimum sentence pursuant to 18 Pa.C.S. §§ 7508(3)(ii)(a), as it is facially unconstitutional in light of *Alleyne*. We agree.

Our standard of review regarding the imposition of a mandatory sentence is as follows:

- 10 -

Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Hawkins, supra* at 1130.

The sentencing code provides, in relevant part:

§ 7508. Drug trafficking sentencing and penalties

**(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

\* \* \*

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

\* \* \*

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five

years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; and

\* \* \*

**(b) Proof of sentencing.--**Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S. § 7508.

In **Alleyne**, the Supreme Court held that the Due Process Clause of the Federal Constitution requires each factor that increases a mandatory minimum sentence to be submitted to a jury and found beyond a reasonable doubt. **Alleyne**, 133 S.Ct at 2163. Based upon **Alleyne**, this Court stated in dicta in **Commonwealth v. Watley** that 18 Pa.C.S. § 7508[3] and 42 Pa.C.S. § 9712.1[4] are unconstitutional insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of

---

[3] § 7508. Drug trafficking sentencing and penalties.

[4] § 9712.1. Sentences for certain drug offenses committed with firearms.

the evidence standard for factors other than a prior conviction. *Watley*, 81 A.3d 108, 117 n. 4 (Pa.Super.2013) (*en banc*), *appeal denied*, 95 A.3d. 277 (Pa.2014)

More recently, in *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super.2014) (*en banc*), following our dicta in *Watley*, we held that the preponderance of the evidence standard in section 9712.1(c) is unconstitutional under *Alleyne*. We then addressed whether it was possible to continue enforcing the remaining subsections of section 9712.1 after severing subsection (c). We held that section 9712.1, as a whole, was no longer workable, because subsection (c) was "essentially and inseparably connected" with the mandatory minimum sentencing provision in subsection (a). *Newman, supra* at 101. Further, in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa.Super.2014), this Court found that "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne*. We cannot do so." *Valentine*, 101 A.3d at 811.

In a case factually similar to our present case, this Court concluded that the imposition of a sentence pursuant to 18 Pa.C.S. § 7508(a)(2)(iii) was illegal and must be vacated. *See Commonwealth v. Cardwell*, 105 A.3d 748, 754-55 (Pa.Super.2014); *see also Commonwealth v. Thompson*, 93 A.3d 478, 494 (Pa.Super.2014). In *Cardwell*, the

Commonwealth and the appellant stipulated to the total weight of the drug PCP. *Cardwell, supra* at 754. The trial court concluded that the Commonwealth had proved the element of the weight of the drugs beyond a reasonable doubt and applied the mandatory minimum pursuant to Section 7508. *Id.* This Court vacated the judgment of sentence and remanded for resentencing without the imposition of the statutory minimum.

Because the trial court sentenced Appellant pursuant to the mandatory minimum under 18 Pa.C.S. § 7508, we conclude that his sentence is illegal and must be vacated under the foregoing authorities.

Conviction affirmed. Judgement of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2015