J-S27036-16

2016 PA Super 94

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| PAUL EDWARD RAPAK, | |
| Appellee | No. 1942 MDA 2015 |

Appeal from the Order Entered October 9, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001564-2015

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:               **FILED APRIL 29, 2016**

The Commonwealth appeals from the order entered in the Court of Common Pleas of Berks County granting the pre-trial suppression motion filed by Appellee, Paul Edward Rapak. We reverse the suppression court's order and remand for further proceedings.

The relevant facts and procedural history are as follows: Appellee was arrested and, in a criminal complaint, he was charged with one count of manufacturing of a controlled substance, one count of possession of a controlled substance, and one count of possession of drug paraphernalia.[1] On March 24, 2015, a preliminary hearing was held, at which the

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

*Former Justice specially assigned to the Superior Court.

Commonwealth added a charge of possession of a small amount of marijuana,[2] and all charges were bound over to the trial court.

On May 21, 2015, Appellee filed a counseled, pre-trial motion seeking to suppress the physical evidence seized from his property and residence located at 1045 Schuylkill Road upon the police's execution of a search warrant. On August 14, 2015, the matter proceeded to a suppression hearing, at which both parties appeared. During the hearing, the suppression court concluded Appellee's issue challenged whether the search warrant was supported by probable cause, and thus, the suppression court ruled the court's inquiry was limited to the four-corners of the affidavit of probable cause.[3]

Accordingly, the Commonwealth entered into evidence the search warrant[4] and accompanying affidavit of probable cause for which the affiants

_____

[2] 35 P.S. § 780-113(a)(31).

[3] Defense counsel agreed Appellee was challenging solely whether there was probable cause for the search warrant. N.T., 8/14/15, at 5.

[4] The search warrant, which was issued by the magistrate on August 26, 2014, listed the description of the property to be searched as follows:
> The property, residence and outbuilding(s) located [at] 1045 Schuylkill Road, Robeson Township, and the property immediately to the west of 1045 Schuylkill Road. Both properties are located on Rt. 724 and are bordered by the Schuylkill River. The residence at 1045 Schuylkill Road is a single family modular style residence, light in color. 1045 Schuylkill Road is owned ny [sic] Paul Edward Rapak and the property to the west is owned by Sensient Technologies Corp.

*(Footnote Continued Next Page)*

were Pennsylvania State Police Trooper Anthony C. Garipoli, Jr., who was assigned to the narcotics unit, and Robeson Township Police Officer Matthew J. Smith, who was assigned to the patrol/criminal investigations unit. The affidavit of probable cause provided, in relevant part, the following:

> [Appellee] is believed to reside at 1045 Schuylkill Road, Robeson Township, Berks County, Pennsylvania.
>
> The property located at 1045 Schuylkill Road,. . .is the principal location of this investigation. The subject property is bordered by Schuylkill Road, RT 724 and property belonging to Sensient Colors.
>
> ***
>
> On August 25, 2014[,] Officer Smith, Robeson Twp., PD received information from a confidential source that marijuana plants were being grown in the area of 1045 Schuylkill Road. At approximately 1200 hours Ofc. Smith went to the area of 1045 Schuylkill Road. At this time he observed approximately twelve (12) marijuana plants growing on the edge of the property belonging to 1045 Schuylkill Road and the property belonging to Sensient Colors. The plants were observed to be regularly tended to and had animal traps set up around the plot of plants. There was also a decoy coyote set to the side of the plants.
>
> There is a dirt road approximately fifteen (15) yards from the plants that lead [sic] from the rear of 1045 Schuylkill Road. The only access to the dirt road is from 1045 Schuylkill Road. Approximately thirty (30) yards from the plants was a large pile of tree stumps and shrubs which have been dumped from the dirt road which leads from 1045 Schuylkill Road. There was a large piece of outdoor equipment parked in the area of the dumping pile.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Suppression Motion, Commonwealth's Exhibit No. 1. The Commonwealth alleged in the criminal complaint that, upon execution of the search warrant, the police seized 123 marijuana plants, which were growing on the property located at 1045 Schuylkill Road, as well as various items of contraband from the house, including a small bag of marijuana, two marijuana buds, three glass pipes, and three containers of marijuana seeds. Criminal Complaint, filed 4/24/15.

The plot of marijuana plants is approximately one hundred (100) yards from the house located at 1045 Schuylkill Road. The house is visible from the plot of plants.

The owner of 1045 Schuylkill Road, [Appellee], has a prior criminal history stating that in 1984 [Appellee] was arrested for drug possession and possession with intent to manufacture/deliver.

It is the belief of your affiants that the owner of 1045 Schuylkill Road, [Appellee], is aware of the plants and is the owner of the marijuana plants due [to] the fact that the only access to the plants is form [*sic*] a dirt road which leads from the rear of his property.

Through the affiants' training and experience it is known that individuals that grow marijuana often have processed marijuana from the harvested plants. Individuals who grow marijuana also commonly possess books and other sources of information on how to grow and process information as well as tools and equipment for growing marijuana including but not limited to chemicals and potting soil.

Based upon the aforementioned facts contained herein, your affiants believe that [Appellee], the owner of 1045 Schuylkill Road. . . is engaged in the illegal manufacturing of marijuana. Specifically, your affiants believe that the property and buildings located [at] 1045 Schuylkill R[oa]d. . . are utilized for the storage, planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, processing, producing, preparing, testing, analyzing, packing, and trafficking of narcotics and/or U.S. currency.

Based upon the foregoing, [the affiants] respectfully request that a Search Warrant be issued for the property and residence at 1045 Schuylkill Road, and the adjoining lot to the North, Robson Township[.]

Affidavit of Probable Cause, Commonwealth's Exhibit No. 1, at 5.

Following the suppression hearing, the parties filed their respective legal memorandums, and by order and opinion entered on October 9, 2015, the suppression court granted Appellee's motion to suppress the physical evidence. Specifically, the suppression court concluded the following:

In the instant case, an examination of the totality of the circumstances contained within the four-corners of the affidavit of probable cause reveals that the issuing magistrate did not have a substantial basis for concluding that probable cause existed.

There are no facts contained in the warrant linking [Appellee] to the marijuana plants other than the fact that his residence was located within one hundred yards of the plants, and the fact that he had been arrested for a drug offense thirty years before.

These observations constitute mere speculation that [Appellee] may have been tending to the plants. The information is not sufficient to establish probable cause.

Accordingly, [Appellee's] Motion to Suppress must be granted.

Suppression Court Opinion, filed 10/9/15, at 4-5.

The Commonwealth filed a timely appeal, and within its notice of appeal, the Commonwealth certified the suppression court's order would terminate or substantially handicap the prosecution of Appellee. *See* Pa.R.A.P. 311(d) (permitting the Commonwealth to appeal from an interlocutory order if it certifies the order will terminate or substantially handicap the prosecution). The lower court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) statement, and the Commonwealth timely complied, contending the suppression court erred in finding the search warrant was not supported by probable cause. The lower court filed a Pa.R.A.P. 1925(a) opinion explaining, in relevant part, the following:

In addition to the authority set forth in [the October 9, 2015, opinion] we also note that the Commonwealth's contention that this court "ignored the importance of the facts underlying the probable cause determination including that the marijuana plants were located next to a private road that only leads to [Appellee's] property" is belied by the record. This

- 5 -

court specifically found that there was "a dirt road located approximately fifteen yards from the plants that leads to the rear of 1045 Schuylkill Road," which is [Appellee's] property. The plants were also growing on the property of the business, Sensient Colors. It is just as likely that someone associated with the business was tending to the plants as it was that [Appellee] was tending to the plants. That hardly amounts to probable cause. The police could have conducted surveillance to learn who was caring for the plants, but chose not to do so.

In addition, relying on a thirty-year-old arrest to attempt to establish probable cause to search [Appellee's] residence was disingenuous at best. [Appellee] is presumed innocent, and there is nothing in the affidavit of probable cause to indicate that he was ever convicted of the drug offense. Moreover, as stated, the arrest occurred thirty years ago. The affiants' belief that "the owner of 1045 Schuylkill Avenue, [Appellee], is aware of the plants and is the owner of the marijuana plants" was based upon nothing but speculation and conjecture. The Commonwealth failed to establish probable cause, and accordingly, this court did not err in granting [Appellee's] Motion to Suppress Physical Evidence.

Lower Court Opinion, filed 11/25/15, at 2-3 (citation to 10/9/15 opinion omitted).

On appeal, the Commonwealth argues the suppression court erred in ruling the issuing magistrate did not have a substantial basis for concluding that probable cause existed to search Appellee's property and house.

When the Commonwealth appeals from an adverse suppression ruling, a reviewing court "must consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted." *Commonwealth v. Goldsborough*, 31 A.3d 299, 305 (Pa.Super. 2011) (quotation omitted). Moreover, our scope of review from a suppression ruling is limited to the

evidentiary record that was created at the suppression hearing. *In re L.J.*, 622 Pa. 126, 79 A.3d 1073, 1087 (2013). Instantly, no evidence was presented to the suppression court other than a copy of the search warrant and accompanying affidavit of probable cause.

In reviewing the suppression court's conclusions of law, we note they are "not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts." *Id.* (quotation and quotation marks omitted).

> The legal principles applicable to a review of the sufficiency of probable cause affidavits are well settled. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating a search warrant is a 'totality of the circumstances' test as set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and adopted in *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985). A magistrate is to make a 'practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' The information offered to establish probable cause must be viewed in a common sense, non-technical manner. Probable cause is based on a finding of the probability, not a *prima facie* showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause.

*Commonwealth v. Ryerson*, 817 A.2d 510, 513-14 (Pa.Super. 2003) (quotation omitted). Moreover, "[i]n determining whether the warrant is supported by probable cause, the magistrate may not consider any evidence

outside the four-corners of the affidavit." **Id.** at 513 (quotation and quotation marks omitted).

> [Thus,] [u]nder our law, the focus is on the information provided to the issuing authority and its response to that information. Probable cause is a practical and fluid concept that turns on the assessment of probabilities in particular factual contexts, which cannot readily be reduced to a neat set of legal rules. The role of the magistrate, [as indicated *supra*], is to make a "practical, common sense decision" of whether, "given all of the circumstances set forth in the affidavit,". . . there is a "fair probability" that contraband or evidence of a crime will be found in a particular place. The role of the reviewing court and the appellate court is to ascertain whether the issuing magistrate appropriately determined that probable cause existed for the issuance of the warrant. . . .Both the reviewing court and this Court must accord deference to a magistrate's finding of probable cause.

**Commonwealth v. Huntington**, 924 A.2d 1252, 1256 (Pa.Super. 2007) (emphasis and citations omitted). **See Commonwealth v. Jones**, 605 Pa. 188, 988 A.2d 649 (2010) (indicating a reviewing court must determine whether the issuing magistrate had a substantial basis for concluding probable cause existed and is not to conduct a *de novo* review of the issuing authority's probable cause determination).

In the case *sub judice*, we agree with the Commonwealth that the suppression court erred in ruling the magistrate did not have a substantial basis for concluding probable cause existed to issue a search warrant for the property and residence located at 1045 Schuylkill Road, which was owned by Appellee. The suppression court's asserted reasons for its determination included: (1) there were no facts in the affidavit of probable cause linking

Appellee to the marijuana plants other than the fact his residence was located within one hundred yards of the plants and the fact he had been arrested for a drug offense thirty years before; (2) the affiants' observations constitute mere speculation that Appellee was the person tending to the marijuana plants; (3) since marijuana plants observed by the affiants were growing on the edge of Appellee's property and the adjoining property held by Sensient Colors, "it is just as likely" that someone from Sensient Colors was tending to the plants; (4) the police should have conducted surveillance; (5) while Appellee was arrested for drug offenses, he was never convicted; (6) Appellee's arrest for drug offenses was more than thirty years ago; and (7) the affiants' belief that Appellee was aware of the plants and owned the plants was based upon speculation and conjecture.

As is evident, in examining the affidavit of probable cause, the suppression court focused its inquiry on Appellee to determine whether it was reasonable to conclude that he was the person who tended or owned the marijuana plants, *i.e.*, whether it was reasonable to conclude Appellee was "linked" to the marijuana plants. However, in adopting this viewpoint, the suppression court erred.

The critical element in a probable cause inquiry is not that the **owner** of the property is suspected of crime but that the specific items to be searched for and seized are located on the **property** to which entry is sought. **See Commonwealth v. Gannon**, 454 A.2d 561, 565 (Pa.Super.

1982).  In this regard, under the totality of the circumstances and in making a practical, common sense decision, we agree with the Commonwealth that the issuing magistrate had a substantial basis to conclude it was probable that the property and house located at 1045 Schuylkill Road was being used in the illegal manufacturing of marijuana.

For instance, the affidavit of probable cause set forth that a confidential informant told Officer Smith that marijuana plants were being grown in the area of 1045 Schuylkill Road, and Officer Smith, upon driving to the area, observed approximately twelve live marijuana plants growing "on the edge of the property belonging to 1045 Schuylkill Road and the property belonging to Sensient Colors." Affidavit of Probable Cause, Commonwealth's Exhibit No. 1, at 5.  The affidavit noted the plants appeared to be "tended to," with animal traps and a decoy coyote set up around them.  *Id.*  The affidavit further indicated Officer Smith observed that the twelve marijuana plants were fifteen yards from a dirt road accessing the rear of 1045 Schuylkill Road, the marijuana plants were one hundred yards from the house located on 1045 Schuylkill Road, and the house was visible from the marijuana plants.  *Id.*  Further, as it specifically related to the house, the affiants noted that their training and experience indicated chemicals, potting soil, processed marijuana, and books are generally discovered in connection with live growing marijuana plants.

Based on the aforementioned, the magistrate had a substantial basis for concluding there was a "fair probability that contraband or evidence of a crime would be found in a particular place[,]" *i.e.*, the property and house located at 1045 Schuylkill Road, and the suppression court erred in ruling to the contrary. *Ryerson*, 817 A.2d at 514 (quotation omitted). As the Commonwealth cogently argues on appeal, where the police discover twelve marijuana plants growing near a dirt road accessing the rear of a property, and in close proximity to the house, common sense dictates that additional contraband may be located in the areas. *See* Commonwealth's Brief at 12-13. Moreover, as the Commonwealth argues, the suppression court should have deferred to the issuing magistrate's decision in this regard. *See id.* at 13.

We further note that, to the extent the suppression court suggested the police should have conducted surveillance to determine who was tending to the marijuana plants and that "it is just as likely" someone from Sensient Colors was tending to the plants, we remind the suppression court that, not only in this case was the focus on the property to be searched and not on any one individual, but "[t]he requirements of a probable cause finding are tempered by the courts so as not to impede the goals and obligations of law enforcement." *Gannon*, 454 A.2d at 336. Moreover, affidavits of probable cause are subject to a much less rigorous standard than those governing evidence and burdens of proof at trial, and the police need not rule out all

other possibilities in establishing probable cause for the issuance of a search warrant. *See id.* Finally, "[t]he law does not require that the information in a warrant affidavit establish with absolute certainty that the object of the search will be found at the stated location, nor does it demand that the affidavit information preclude all possibility that the sought after article is not secreted in another location." *Id.* at 337 (quotation, quotation marks, and footnote omitted).

For all of the aforementioned reasons, we conclude the suppression court erred in granting Appellee's pre-trial motion to suppress the physical evidence seized by the police from the house and property located at 1045 Schuylkill Road upon execution of a search warrant. Accordingly, the order of the lower court suppressing the evidence seized in execution of the instant search warrant is reversed and the matter is remanded for proceedings consistent with this decision.

Reversed; Remanded; Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016

- 12 -