*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0011P (6th Cir.)
File Name: 00a0011p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
     *Plaintiff-Appellant,*

     *v.*

GARNETT L. TUTTLE and
LARRY SETTLE,
     *Defendants-Appellees.*

No. 98-5575



Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 97-00020—Jennifer B. Coffman, District Judge.

Argued: December 13, 1999

Decided and Filed: January 7, 2000

Before: MERRITT and SILER, Circuit Judges;
BECKWITH,[*] District Judge.

_____

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

1

―――――――――

## COUNSEL

**ARGUED:** David Bunning, OFFICE OF THE U.S. ATTORNEY, Covington, Kentucky, for Appellant. David A. Tapp, Somerset, Kentucky, Thomas L. Jensen, London, Kentucky, for Appellees. **ON BRIEF:** David Bunning, OFFICE OF THE U.S. ATTORNEY, Covington, Kentucky, for Appellant. David A. Tapp, Somerset, Kentucky, Thomas L. Jensen, London, Kentucky, for Appellees.

―――――――――

## OPINION

―――――――――

MERRITT, Circuit Judge. In this criminal case in which the defendants were indicted for operating an auto "chop shop" in violation of 18 U.S.C. § 2322,[1] the government appeals the district court's grant of the motion of the two defendants to suppress evidence seized under three search warrants found by the district court to lack probable cause. In adopting the report and recommendation of the magistrate judge, the district court held that the first warrant was based upon a "bare bones" affidavit that relied on insufficient independent police investigation and an anonymous confidential informant whose reliability was not established. The second warrant was likewise held by the district court to be factually deficient, and the second and third warrants were held to be tainted under the "fruit of the poisonous tree doctrine" because each warrant relied on information acquired during the first, but subsequently invalidated, search. We do

―――――――――――――――

[1] A second superseding indictment was ultimately returned which added several counts to the original indictment, including one conspiracy count in violation of 18 U.S.C. § 371, fourteen counts of possession with intent to dispose of motor vehicles and parts with altered VINs in violation of 18 U.S.C. § 2321, fourteen counts of altering or removing VINs from motor vehicles or parts in violation of 18 U.S.C. § 511(a), and two counts of possession of drugs in violation of 21 U.S.C. § 844(a).

Supervised Release for Interstate Transportation of Stolen Motor Vehicles.

Accordingly, for the foregoing reasons, the judgment of the district court invalidating the three search warrants and suppressing the seized evidence is REVERSED and the case remanded for further proceedings consistent with this opinion.

not agree with these rulings because the information provided by the confidential informant was corroborated by other information which together was sufficient to establish probable cause under the Fourth Amendment.

* * *

On March 7, 1999, Kentucky State Police detective Bill Riley inspected a rebuilt pickup truck that had been purchased from an auto sales store in London, Kentucky. Based on his long experience in investigating stolen cars and parts, his inspection revealed to him a truck made from stolen parts. Detective Riley then learned from the auto sales shop that the truck had been rebuilt for it by co-defendant Garnett Tuttle.

Detective Riley immediately conducted an independent investigation that included an interview of a London city police officer who had received information from an unidentified confidential informant indicating that the auto sales shop was currently selling cars and trucks assembled with stolen parts by Tuttle at a garage rented by Tuttle on property owned by co-defendant Larry Settle. The informant said that Tuttle's work was ongoing and that he was currently using the same place to rebuild other vehicles with stolen parts. The London city police officer specifically stated that he had received information within the past week that the informant's information was still current.

Detective Riley memorialized the foregoing information in an affidavit submitted to a Kentucky state court judge, who issued a search warrant on March 8, 1996, authorizing the Kentucky State Police to search a white garage located on property owned by Settle and leased to Tuttle. The state court found that probable cause existed to believe that the garage was being used to house an illegal automobile "chop shop" operation. While executing the warrant on the white garage, the state police found and seized numerous items believed to be stolen property or evidence of crimes, including three autos, auto parts, VIN plates, boxes of records and receipts, and small amounts of marijuana and methamphetamine seized as contraband in plain view of the searching officers.

Based in part upon information obtained during the earlier search, the state court issued a second search warrant later that same day authorizing the search of a gray garage owned and controlled solely by Settle located on the same property near the white garage. Although nothing was seized from the gray garage, the state police observed a pickup truck with suspicious parts. Finally, several days later, a third and last search warrant was issued authorizing a search of both the white and gray garages. The state police found and seized additional auto parts, as well as other items believed to be stolen property and evidence of crimes.

The magistrate's report relied on by the district court to suppress the seized evidence characterized the affidavit in support of the first search warrant as lacking probable cause because there was nothing in the first paragraph of the affidavit that linked the white garage with any criminal activity or contraband. The paragraph only indicated that the seized truck was suspected of containing stolen parts and that it had been rebuilt by Tuttle. Furthermore, the magistrate found the second paragraph of the affidavit to be "fatally flawed" because it failed to establish the credibility of the confidential informant relied upon by the state police, as well as failed to provide any independent corroboration of the information relayed by the informant. The magistrate apparently believed that the affidavit for the warrant was insufficient under the rule of *Illinois v. Gates*, 462 U.S. 213 (1983), that an uncorroborated tip of an anonymous informant is insufficient to establish probable cause.

\* \* \*

We have previously held that information received from an informant whose reliability is not established may be sufficient to create probable cause when there is some independent corroboration by the police of the informant's information. *See United States v. Weaver*, 99 F.3d 1372, 1377 (6th Cir. 1996); *United States v. Leake*, 998 F.2d 1359, 1365 (6th Cir. 1993). The error made by the magistrate in this case was in concluding that probable cause for the search did

not exist because the basis for the warrant was only the information provided by the anonymous informant whose reliability was questionable. The informant statements recited in Detective Riley's affidavit saying that Tuttle was rebuilding cars with stolen parts in a garage leased from Settle were in fact corroborated. Prior to the warrant's issuance, Detective Riley had independently discovered from the London auto sales shop on March 7 that a pickup truck rebuilt with what appeared to be stolen auto parts had been assembled for the shop by Tuttle. This information already within Detective Riley's knowledge clearly provided independent corroboration of the informant and the information the informant relayed that Tuttle was currently rebuilding trucks with stolen parts in a garage leased from Settle. The information from the informant linking the white garage to the seized truck was not stale because the affidavit clearly stated that, as of the previous week, the information from the informant was that the work at the chop shop was ongoing.

In light of the above discussion finding that the first warrant was valid, the second and third search warrants withstand constitutional scrutiny because any items seized under these subsequent warrants can no longer be suppressed as "fruit of the poisonous tree." The court below was in error when it held that the affidavit in support of the second search warrant lacked a sufficient factual basis to establish probable cause. First, the second affidavit indicated that a Kentucky State policeman observed Settle leaving the white garage on his property (where numerous auto parts believed to be stolen were found and seized) immediately prior to execution of the first search warrant. Second, business records of Settle relating to the purchase of auto parts were found throughout Tuttle's business records seized by the police from the white garage. Third, the affidavit indicated that Settle not only owned the white garage and had a key to it, but that the gray garage was within several feet of the white garage and on the same property. Fourth, the affidavit said that Settle had a prior federal conviction and was currently on Federal