J-A06026-16

2017 PA Super 94

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES HOWARD MANUEL | |
| Appellant | No. 1048 MDA 2015 |

Appeal from the Judgment of Sentence June 3, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007220-2014

\*\*\*\*\*

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY A. MANUEL | |
| Appellant | No. 1152 MDA 2015 |

Appeal from the Judgment of Sentence July 1, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007222-2014

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

OPINION BY LAZARUS, J.:                    **FILED APRIL 07, 2017**

Charles H. Manuel and Timothy A. Manuel (referred to collectively as "Appellants") appeal from their judgments of sentence entered in the Court of Common Pleas of York County after they were each convicted in a

stipulated non-jury trial of one count of possession with intent to manufacture or deliver marijuana ("PWID").[1] The issue presented by this appeal is whether a search warrant in which the reliability of a confidential informant ("CI") and the facts of criminal conduct that the CI provided the police have not been adequately corroborated can supply the basis for either a search or an arrest. Upon careful review, we are constrained to conclude that it cannot and therefore reverse the judgments of sentence.

On June 16, 2014, Officer Michelle Hoover of the York Area Regional Police Department met with a CI who advised her that, within the prior 72 hours, he[2] had been inside the premises located at 1110 Pleasant Grove Road, Red Lion, York County ("Pleasant Grove Residence"), and had observed marijuana packaged for sale, multiple marijuana plants growing, and marijuana growing accessories. The CI advised Officer Hoover that a white male named Timothy Manuel lived at the residence.

Based upon the information provided by the CI, as well as her own training and experience, Officer Hoover applied for and received a warrant to search the Pleasant Grove Residence and all persons present. On June 20, 2014, the York County Drug Task Force executed the warrant and found marijuana plants growing in Appellants' bedrooms, as well as drug

---

[1] 35 P.S. 780-113(a)(30).

[2] The gender of the CI is unknown. We will refer to the CI with male pronouns.

paraphernalia, cash, and a digital scale. Appellants were arrested and each charged with one count of PWID.

On January 20, 2015, Appellants filed a joint motion to suppress, arguing that the search warrant obtained by Officer Hoover lacked sufficient probable cause because the police did not perform any investigation to independently corroborate the information provided to them by the CI. A hearing was held on March 23, 2015, and, by order dated March 24, 2015, the trial court denied the suppression motion.

A stipulated bench trial was held on May 1, 2015, at the conclusion of which Appellants were found guilty of PWID. Appellants were sentenced on June 3, 2015. Charles received a sentence of two years' intermediate punishment, consisting of two months' imprisonment on Outmate status, followed by four months of house arrest and then probation. Timothy was originally sentenced to six to twenty-three months' incarceration; however, after Timothy filed a motion for reconsideration of sentence, the court resentenced him to a twenty-three month term of intermediate punishment, consisting of three months' imprisonment, followed by three months of house arrest and then probation.

Appellants filed timely notices of appeal, which this Court consolidated. Appellants present the following issue for our review:

> Whether the trial court erred in denying the Omnibus Pretrial Motion to Suppress Evidence where the Application for a Search Warrant and attached Affidavit of Probable Cause lacked sufficient probable cause by failing to establish the veracity and reliability of the [CI] and lacked independent police corroboration

of criminal activity, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution?

Brief of Appellants, at 3.

We begin by noting our scope and standard of review of an order denying a motion to suppress:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Farnan*, 55 A.3d 113, 115 (Pa. Super. 2012), quoting *Commonwealth v. McAdoo*, 46 A.3d 781, 783–84 (Pa. Super. 2012) (citations omitted).

Appellants challenge the sufficiency of the information contained in the probable cause affidavit. Specifically, Appellants assert that the reliability of the CI was not established where the CI had previously provided information leading to only one arrest which had not yet, at the time the affidavit was executed, led to a conviction. For the reasons that follow, we are

- 4 -

constrained to conclude that the information contained in the affidavit of probable cause was legally insufficient to support the issuance of a search and seizure warrant.

> The legal principles applicable to a review of the sufficiency of probable cause affidavits are well settled. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating a search warrant is a 'totality of the circumstances' test as set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and adopted in *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985).

*Commonwealth v. Rapak*, 2016 PA Super 94, at *3 (Pa. Super. 2016), quoting *Commonwealth v. Ryerson*, 817 A.2d 510, 513–14 (Pa.Super.2003) (quotation omitted).

> Probable cause does not demand the certainty we associate with formal trials. Rather, a determination of probable cause requires only that the totality of the circumstances demonstrates a fair probability that contraband or evidence of a crime will be found in a particular place. Thus, where the evidence available to police consists of an anonymous tip, probable cause may be established upon corroboration of major portions of the information provided by the tip. Similarly, where the evidence consists of the allegations of a police informant who has not previously provided information, probable cause requires only corroboration of principal elements of information not publicly available. As recognized by the [U.S. Supreme] Court in [*Illinois v.*] *Gates*, [462 U.S. 213 (1983),] "[i]t is enough, for purposes of assessing probable cause, that '[c]orroboration through other sources of information reduced the chances of a reckless or prevaricating tale,' thus providing 'a substantial basis for crediting the hearsay.'"

*Commonwealth v. Otterson*, 947 A.2d 1239, 1244-45 (Pa. Super. 2008),

quoting *Commonwealth v. Brown*, 924 A.2d 1283, 1286-87 (Pa. Super.

2007) (citations and quotation marks omitted).

The relevant portion of the Officer Hoover's affidavit of probable cause

provided as follows:

> On June 16, 2014 I met with a reliable confidential informant who advised they were inside 1110 Pleasant Grove Road, Red Lion, PA 17356 located in Windsor Township of York County within the past 72 hours. While in the residence, the informant stated [he] observed marijuana packaged for sale, multiple marijuana plants growing, and growing accessories such as growing tools, soil, a humidifier and a grow tent. This informant advised a [white male] named Timothy Manuel lives in the residence.
>
> The informant should be considered reliable due to the fact that [he has] provided police with information that has led to a felony drug arrest that is currently pending in the York County Court system. This informant is familiar with what marijuana looks like and how it is packaged in York County.
>
> I ran a check through PENN DOT and observed Timothy Manuel lists the address 1110 Pleasant Grove Road, Red Lion, PA 17356 as his residence. On 6/16/14 I viewed a red Mitsubishi parked in the driveway of 1110 Pleasant Grove Road. The vehicle is registered to Charles Manuel of 1110 Pleasant Grove Road, Red Lion, PA 17356.
>
> Based on the totality of the above circumstances, I know through training and experience that narcotics dealers will commonly use a location such as a dwelling to store or "stash" larger quantities of narcotics, packaging, material, and proceeds in order to protect their product(s) and proceeds and to evade law enforcement. Based on my training and experience, I know that narcotics dealers will commonly keep a portion of their product and weapons on their person. Therefore, I request to search all persons present for officer safety reasons and to protect the destruction of evidence.

> I believe that the premise known as 1110 Pleasant Grove Rd. in Windsor Township[ i]s being utilized to grow, store, package, and prepare marijuana for the purpose of street level sales. Therefore, I ask for the issuance of a search and seizure warrant for the premises known as 1110 Pleasant Grove Rd. in Windsor Township.

Affidavit of Probable Cause, 6/18/14.

Appellants argue that the information contained in the affidavit does not sufficiently establish the reliability of the CI because previous information provided by the CI had, at that point, resulted in only one arrest and no convictions. Appellants assert that "[a] solitary arrest not resulting in a criminal conviction is hardly deserving of automatic reliability veiled behind a cloak of secrecy for confidential informants." Brief of Appellants, at 16. Appellants cite the apparent doubts regarding the reliability of the CI expressed by the trial court in its Pa.R.A.P. 1925(a) opinion:

> While we agreed, and still do agree, to some extent with the Appellant[s'] arguments, we think that the fact that Officer Hoover was able to confirm that [Timothy Manuel] lived at the residence provided by the CI, provided information about the presence of drugs which was not available to the general public, and that this particular CI had given reliable information in the past did establish sufficient probable cause.

Trial Court Opinion (Case No. 7222-2014), 8/14/15, at 7. Appellants argue that, contrary to the trial court's conclusion, the additional information obtained by the police fell short of the quantum and quality necessary to corroborate the CI's information and establish his reliability. We agree.

In evaluating an affidavit of probable cause,

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set

forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing] that probable cause existed."

*Commonwealth v. Gray*, 503 A.2d 921, 925 (Pa. 1985), quoting *Illinois v. Gates*, 462 U.S. 213 (1983).

An informant's tip may constitute probable cause where police *independently* corroborate the tip, *or* where the informant has provided *accurate information of criminal activity* in the past, *or* where the informant himself participated in the criminal activity. *Commonwealth v. Clark*, 28 A.3d 1284, 1288 (Pa. 2011). "[I]nformation received from an informant whose reliability is not established may be sufficient to create probable cause where there is some independent corroboration by police of the informant's information." *Commonwealth v. Sanchez*, 907 A.2d 477, 488 (Pa. 2006), quoting *United States v. Tuttle*, 200 F.3d 892, 894 (6th Cir. 2000).

As the trial court correctly noted, there is no "magic number" of arrests or convictions for which a CI need previously have provided information to be deemed reliable. *See Clark*, 28 A.3d at 1292 ("[T]here is no talismanic recitation of a particular phrase with respect to 'reliability' or 'basis of knowledge' that will either be required or will suffice to conclusively establish, or conclusively disaffirm, the existence of probable cause.") Moreover, we are mindful of the fact that we are not to consider the various factors in a mechanical fashion, but rather assess the totality of the

circumstances in a common-sense manner. *See Commonwealth v. Smith*, 784 A.2d 182, 187 (Pa. Super. 2001) (pursuant to "totality of circumstances" test, task of issuing authority is to make practical, common-sense decision whether, given all circumstances set forth in affidavit, there is fair probability that contraband or evidence of crime will be found in particular place). Accordingly, the fact that the CI had previously provided information leading only to one arrest does not automatically deem the information provided in this case unreliable. Where, as here, a CI's tip provides inside information,[3] police corroboration of the inside information can impart additional reliability to the tip. *In Interest of O.A.*, 717 A.2d 490, 498 (Pa. 1998). Here, however, the lack of substantial follow-up investigation by the police to secure true corroboration of such *inside* information constrains us to conclude that, under the totality of the circumstances, the affidavit did not establish probable cause.

In this case, the police failed to conduct any investigation that might have yielded corroboration of information unavailable to the public at large and, thereby, increased the reliability of the CI's tip. They neither arranged for the CI to conduct a controlled buy at the premises nor performed any type of photographic or electronic surveillance. Rather, Officer Hoover merely ran searches through PennDOT that established that Timothy Manuel

---

[3] "Inside information" by necessity must be the type of information *not* available in the public domain.

resided at the Pleasant Grove Residence and that Charles Manuel registered a car at that address. This generally available information was not corroborative of criminal conduct. As our Supreme Court stated in *In Interest of O.A.*:

> If the facts that are supplied by the tip itself are no more than those easily obtained, then the fact that the police corroborated them is of no moment. It is only where the facts provide inside information, which represent a special familiarity with a defendant's affairs, that police corroboration of the information imparts indicia of reliability to the tip to support a finding of probable cause. Thus, police corroboration of an informant's tip enhances the indicia of reliability and thereby strengthens the determination that the facts and circumstances surrounding the tip warrant a finding of probable cause.

*In Interest of O.A.*, 717 A.2d at 498.

The trial court, which essentially conceded that the facts contained in the affidavit of probable cause were thin, *see* Trial Court Opinion (Case No. 7222-2014) ("[W]e agreed, and still do agree, to some extent with the Appellant[s'] arguments[.]"), found probable cause based largely on its belief that the corroborative information obtained by the police was sufficient to impart an indicia of reliability to the CI. However, as noted above, the information obtained by the police did not confirm any of the CI's alleged inside information, but was readily obtainable. Accordingly, the corroboration is "of no moment" and we conclude that the trial court erred in making a finding of probable cause. *Id.*

This Court's decision in *Commonwealth v. Chatman*, 418 A.2d 582 (Pa. Super. 1980), supports our conclusion. There, a CI provided police with

- 10 -

information regarding the storage and sale of heroin from an address in Wilkinsburg. Relevant to our inquiry, the affidavit of probable cause included the following information regarding the CI's reliability:

> The affiant received information from a reliable informant who in the past has been very knowledgeable about the narcotics traffic in the Wilkinsburg area . . .. This informant has given information in the past which led to the arrest of Curtis Williams and Earl Montel.

*Id.* at 583. The trial court suppressed the evidence obtained as a result of the search warrant issued as a result of the information supplied by the CI. On appeal, the sole issue was whether "the averment that the informant's prior information led to the arrests of certain named individuals is sufficient to establish the informant's credibility." *Id.* An equally divided panel of this Court affirmed the decision of the trial court, concluding that:

> An affidavit, such as in the case at bar, which merely states that the informer supplied prior information leading to the arrest of two individuals, cannot suffice to establish credibility because there is no indication that the "information proved to be correct." In other words, as Professor LaFave has explained: "(t)he mere statement that the police decided to arrest because of what this informant said on a prior occasion does not indicate whether that decision was lawful or whether anything learned incident to or following the arrest verified what the informant had said." 1 W. R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 3.3, at 514 (1978). For all that appears in the instant affidavit, [the individuals arrested as a result of the informant's information] may have been acquitted and the information furnished against them by the informant may have proven totally false. On the other hand, it may be that prosecutions were pending against [them], or that the prosecutions were dismissed for reasons unrelated to the veracity of the informant's information. **Whatever the case may be, the critical fact is that the unadorned assertion**

**that the informant previously supplied information which prompted arrests leaves the magistrate "intellectually crippled in terms of making the informed judgment contemplated by the fourth amendment**." Moylan, [*Hearsay and Probable Cause: An Aguilar and Spinelli Primer*, 25 Mercer L.Rev. 741, 759 (1974)].

*Id.* at 585 (emphasis added).  Likewise, here, the fact that the CI previously provided information which led to a single arrest – the details of which do not appear in the affidavit – is insufficient to establish the CI's credibility, particularly as there is no indication that the information proved to be correct.  ***See id.  See also Commonwealth v. Gindlesperger***, 706 A.2d 1216 (Pa. Super. 1997) (reliability of CI not established where affidavit stated CI provided information that "will lead" to future arrests and contained no details as to prior information supplied by CI).

We acknowledge that this is a close case.  However, the police had every opportunity to pursue more substantial corroboration prior to preparing the affidavit of probable cause, but failed to do so.[4]  We simply do not believe that, without more, the CI's reliability was established solely by the fact that he had provided a tip leading to one still-pending prosecution, the details of which were not included in the affidavit of probable cause.

---

[4] In noting the lack of corroboration by the police, we do not intend to suggest that the police are in every case required to independently corroborate information supplied by a confidential informant.  However, in a case such as this, where the facts establishing the CI's credibility are particularly thin, corroboration by police takes on added significance in our "totality of the circumstances" evaluation of the four corners of the affidavit of probable cause.  ***See Sanchez***, ***supra***.

Judgments of sentence reversed. Case remanded for proceedings consistent with the dictates of this Opinion. Jurisdiction relinquished.

DUBOW, J., Joins this Opinion.

STABILE, J., Files a Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017