**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Shawn LOCKRIDGE, Appellant.**

Superior Court of Pennsylvania.

Argued May 16, 2001.
Filed July 25, 2001.

Ronald M. Graham, Valley Forge, for appellant.

John K. Mort, Assistant District Attorney, Mifflintown, for Com., appellee.

---

Before: CAVANAUGH, STEVENS and TAMILIA, JJ.

TAMILIA, J.

¶ 1 Shawn Lockridge appeals from the October 11, 2000, ninety (90) day judgment of sentence imposed after he was found guilty, following a *de novo* hearing, of the summary offense of driving while his license was suspended.[1] The facts, which provide the basis of this appeal, follow.

¶ 2 On May 10, 2000, Mindy Davis Musser, the Juniata County probation officer assigned to appellant following an unrelated conviction, observed appellant operating a motor vehicle, in violation of the terms of his probation (N.T., 9/8/00, at 5). Musser reported this violation to Chief Deputy Shane Corwell of the Juniata County Sheriff's Department, and Deputy Corwell issued a traffic citation charging appellant with driving while his license was suspended, DUI-related. Judgment of sentence was initially entered on July 11, 2000, an appeal was taken, and following a September 8, 2000, summary appeal hearing, the court granted counsel ten (10) days within which to submit briefs. On October 11, 2000, the court entered judgment of sentence, re-imposing the aforementioned 90–day term of incarceration and assessing a one thousand dollar ($1,000.00) fine. This appeal followed.

¶ 3 Appellant argues Deputy Corwell was unauthorized to issue the Motor Vehicle Code citation because the deputy did not observe him driving his vehicle, and the traffic violation in question was not a "breach of the peace," as contemplated by our Supreme Court in *Commonwealth v. Leet*, 537 Pa. 89, 641 A.2d 299 (1994). Appellant interprets *Leet* as follows: for a deputy sheriff to make a valid arrest in connection with the Motor Vehicle Code, the "deputy sheriff must (1) complete the same type of training that is required of police officers throughout the Commonwealth, (2) make an arrest under the Motor Vehicle Code only for violations committed in his presence, and (3) those violations must be breaches of the peace." (Appellant's brief at 8.) Appellant concedes Deputy Corwell was a trained officer, but argues the latter two prongs of the tri-part test were not satisfied. We find appellant's arguments unconvincing and his interpretation of the *Leet* decision faulty.

¶ 4 In *Leet*, a Commonwealth appeal from this Court's Order affirming the trial court's decision to suppress evidence seized pursuant to an alleged illegal arrest, our Supreme Court concluded the common law powers of a sheriff included the power to enforce the Motor Vehicle Code provided that sheriff (or deputy) had received the same training as other Commonwealth law enforcement officers. Accordingly, the Supreme Court vacated this Court's decision and remanded the matter for an evidentiary hearing to determine whether the arresting officer had been formally trained. *Id.* at 97, 641 A.2d at 303.

¶ 5 Contrary to appellant's assertion, the *Leet* Court did not address the legal issue of whether the deputy sheriff who issues a ticket must personally observe the violation for which he issues a citation. Based on the facts before it, the Court merely made the statement that a trained deputy sheriff who observes a Motor Vehicle Code violation has the authority to issue a citation.[2] The source for Deputy Corwell's authority to issue the citation in question without having observed appellant driving

---

1. 75 Pa.C.S.A. § 1543(b).

2. In fact, the issuing officer in *Commonwealth v. Leet*, 537 Pa. 89, 641 A.2d 299 (1994), did observe the driver violate the Vehicle Code.

a motor vehicle may be found in Pa. R.Crim.P. 405, **Issuance of citation,** and the comments thereto.[3]

¶ 6 Rule 405 states that when a criminal proceeding in a summary case is instituted by issuing a citation to the defendant, the officer must exhibit a show of authority. For our purposes, the comment to this rule is dispositive. "A law enforcement officer may issue a citation based upon information that the defendant has committed a summary violation, which information may be received from a personal observation of the commission of the offense; a witness; another police officer; investigation; or speed-timing equipment, including radar." *Id.* Here, appellant's probation officer, a reliable source, observed appellant driving a motor vehicle in violation of the terms of his probation and reported said violation to Deputy Corwell. On this basis, we agree with the trial court Deputy Corwell was authorized to issue the citation despite not having personally observed the violation.

¶ 7 We turn now to appellant's argument Deputy Corwell was unauthorized to issue the citation in question because the traffic violation of driving while his license was suspended did not amount to a "breach of the peace," as appellant contends is required by *Leet.* Appellant's interpretation of *Leet* illogically limits the authority of a trained deputy to issuing citations for only those violations of the Vehicle Code that involve behavior or action similar to those actions prohibited under the disorderly conduct provision of the Crimes Code.[4] Were we to interpret *Leet* as narrowly as appellant suggests, a deputy would be prohibited from enforcing section 1543(b) of the Vehicle Code, even if violated in his presence, because the operation of a motor vehicle while under suspension does not necessarily involve, "on any part of [the] driver, any intent to cause public inconvenience, annoyance, or alarm, or recklessly create risks thereof." (Appellant's brief at 9; *see also* 18 Pa.C.S.A. § 5503.) Such an interpretation of *Leet* defies logic, and we find appellant's "breach of the peace" argument devoid of merit.

¶ 8 We agree with the trial court's reasoning, "because a citation was issued by a law enforcement officer, Deputy Corwell, based on information that [appellant] committed a summary violation received from a very credible witness, the citation was issued in full compliance with the letter and spirit of the Pennsylvania law." (Trial Court Opinion, Rehkamp, J., 10/11/00, at 2.) Finding no error, we affirm the judgment of sentence.

¶ 9 Judgment of sentence affirmed.

---

**3.** Effective April 1, 2001, Pa.R.Crim.P. 55, **Issuance of citation,** was renumbered Pa. R.Crim.P. 405.

