J-S69043-18

2018 PA Super 333

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR LEE COPENHAVER | : | |
| | : | |
| Appellant | : | No. 383 MDA 2018 |

Appeal from the Judgment of Sentence September 18, 2017
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001070-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

OPINION BY MURRAY, J.:                    **FILED DECEMBER 07, 2018**

Victor Lee Copenhaver (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of two counts of driving under the influence of alcohol and a controlled substance (DUI),[1] possession of a small amount of marijuana, and three summary offenses under the Vehicle Code.  Upon review, we affirm.

On August 31, 2015, Adams County Deputy Sheriff Timothy Beall initiated a traffic stop of Appellant's vehicle because it had an expired registration.  The trial court provided the following summary:

> At trial, Sheriff Deputy Beall testified that after he stopped Appellant's vehicle, he asked Appellant to produce his license, registration, and insurance information.  Appellant flailed his hands in the air and stated that he didn't have a license and was suspended.  While speaking with Appellant, Sheriff Deputy Beall observed an odor of alcohol and marijuana emanating from the passenger compartment of the vehicle.  Sheriff Beall noticed that

---

[1] 75 Pa.C.S.A. §§ 3802(d)(2), (3).

Appellant had blood shot eyes and slurred speech. Sheriff Deputy Beall asked Appellant to exit the vehicle. Appellant complied and stated, "I have a bowl in my pocket." Sheriff Deputy Beall took the smoking device out of Appellant's pocket. In addition, Sheriff Deputy Beall recovered suspected marijuana from the glove box in Appellant's vehicle. Sheriff Deputy Beall advised Appellant that he was going to conduct Standard Field Sobriety Tests (SFSTs) and then led Appellant to a flat, well-light[ed] area. Appellant showed signs of impairment and stated that he could not complete the SFSTs. For Appellant's safety, Sheriff Deputy Beall concluded the SFSTs. Based on the totality of the circumstances, Sheriff Deputy Beall suspected that Appellant was under the influence of drugs, alcohol, or a combination of both. Sheriff Deputy Beall took Appellant into custody.

On July 12, 2017, after a bench trial, this Court found Appellant guilty of Driving Under the Influence of a Controlled Substance, as an ungraded misdemeanor (Count 3); Driving Under the Influence of Alcohol and a Controlled Substance, as an ungraded misdemeanor (Count 4); Possession of a Small Amount of Marijuana, as an ungraded misdemeanor (Count 5); Registration/Certification of Title, as a summary offense (Count 7); Driving Without a License, as a summary offense (Count 8); and Unauthorized Transfer or Use of Registration, as a summary offense (Count 9). On September 18, 2017, Appellant was sentenced on Count 4 to seventy-two (72) hours to six (6) months partial confinement at the Adams County Adult Correctional Complex. The Sentencing Court sentenced Appellant to pay fines on Counts 5, 7, 8 and 9.

Trial Court Opinion, 11/20/17, at 1-3 (footnotes omitted).

Appellant filed a post-sentence motion, one day late, on September 29, 2017. **See** Pa.R.Crim.P. 720 ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence"). On October 17, 2017, he filed an appeal in this Court at No. 1620 MDA 2017. On February 5, 2018, this Court erroneously quashed the appeal on the basis that Appellant's post-sentence motion was timely and therefore pending before the trial court. **See Commonwealth v. Dreves**, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*)

(while timely post-sentence motion tolls the appeal period, an untimely post-sentence motion does not). Appellant did not seek to reinstate his appeal at No. 1620 MDA 2017. On February 26, 2018, Appellant filed the instant appeal. Because Appellant's untimely post-sentence motion did not toll the appeal period, the appeal was untimely and this Court quashed it on June 4, 2018. On June 25, 2018, Appellant filed an application for reconsideration of the June 4, 2018 quashal. On June 28, 2018, this Court entered an order stating that "a breakdown in the operations of this Court may have occurred." Order, 6/28/18. Thus, we vacated the June 4, 2018 order and reinstated the underlying appeal. *Id.* Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant presents three issues:

1. Do sheriffs and their deputies possess the authority to stop a motorist for an expired registration sticker, a summary violation of the Motor Vehicle Code?

2. Did the Commonwealth possess sufficient evidence to convict [Appellant] of DUI under both 75 Pa.C.S.[A. §] 3802(d)(2) and (d)(3)?

3. Is the lower court's verdict contrary to the weight of the evidence?

Appellant's Brief at 5.

Appellant first challenges the trial court's denial of his suppression motion. Our standard of review is as follows:

[An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by

- 3 -

the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court] is bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review.

***Commonwealth v. Mason***, 130 A.3d 148, 151-52 (Pa. Super. 2015) (citation omitted). Additionally, "our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing."

***Commonwealth v. Rapak***, 138 A.3d 666, 670 (Pa. Super. 2016) (*citing **In re L.J.***, 79 A.3d 1073, 1087 (Pa. 2013)).

Appellant claims that "[he] was deprived of his Fourth Amendment and Article I, Section 8 guarantees when the trial court failed to suppress evidence that was obtained as the result of an illegal stop and search." Appellant's Brief at 10. Specifically, Appellant asserts that "the deputy sheriff lacked the statutory or common law authority to detain Appellant for an expired registration sticker seen on his vehicle." ***Id.*** The essence of Appellant's argument is that "[s]heriffs possess no statutory authority to enforce the Motor Vehicle Code, and the expired sticker does not amount to a 'breach of the peace' as understood at common law." ***Id.*** Appellant cites ***Commonwealth v. Marconi***, 64 A.3d 1036 (Pa. 2013), and

*Commonwealth v. Leet*, 641 A.2d 299 (Pa. 1994), to support his argument. Upon review, we are not persuaded that he is entitled to relief.

"The Fourth Amendment of the Federal Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures." *Commonwealth v. Walls*, 53 A.3d 889, 892 (Pa. Super. 2012). Our Constitution establishes sheriffs as "[c]ounty officers." Pa. Const. Art. IX, § 4. However, while "the Constitution establishes the office, it does not describe the duties of a sheriff." *Kopko v. Miller*, 892 A.2d 766, 770 (Pa. 2006). "The General Assembly has limited the powers and duties of sheriffs to those 'authorized or imposed upon them by statute.' Further, a sheriff is mandated to 'serve process and execute orders directed to him pursuant to the law.'" *Id.* (*citing* 13 P.S. § 40; 42 Pa.C.S.A. § 2921).

Although "sheriffs and their deputies are not 'police officers' under the Vehicle Code," *Marconi*, 64 A.3d at 1041, in *Leet*, our Supreme Court held "that the common law powers of the sheriff include the power to enforce the motor vehicle code, and that such powers have not been abrogated by statute or otherwise." *Leet*, 641 A.2d at 301. The Supreme Court stated: "a sheriff (and his deputies) may make arrests for motor vehicle violations which amount to breaches of the peace committed in their presence," where the sheriff or deputy has "complete[d] the same type of training that is required of police officers throughout the Commonwealth." *Id.* at 303. Notably, the Supreme Court in *Leet* did not identify violations which would amount to

- 5 -

"breaches of the peace." *See Marconi*, 64 A.3d at 1049 n.5 ("At the very least, *Leet* should have considered the consequences of overlaying common-law arrest powers for one category of peace officers, cabined only by an **undefined** breach-of-the-peace litmus to determine arrest authority, over such a more refined statutory scheme.") (emphasis added).

This Court, however, has considered whether driving while operating privilege is suspended or revoked, a summary offense under 75 Pa.C.S.A. § 1543, amounted to "a 'breach of the peace,' as contemplated by our Supreme Court in . . . *Leet* . . . ." *Commonwealth v. Lockridge*, 781 A.2d 168, 169 (Pa. Super. 2001), *affirmed on other grounds*, 810 A.2d 1191 (Pa. 2002). In an argument analogous to the one before us, the defendant in *Lockridge* argued that that the sheriff's deputy who cited him for violating Section 1543 "was unauthorized to issue the citation in question because the traffic violation of driving while his license was suspended did not amount to a 'breach of the peace[.]'" *Id.* at 170. In finding the defendant's arguments "unconvincing and his interpretation of the *Leet* decision faulty," we opined:

> [The defendant's] interpretation of *Leet* illogically limits the authority of a trained deputy to issuing citations for only those violations of the Vehicle Code that involve behavior or action similar to those actions prohibited under the disorderly conduct provision of the Crimes Code. Were we to interpret *Leet* as narrowly as [the defendant] suggests, a deputy would be prohibited from enforcing [S]ection 1543(b) of the Vehicle Code, even if violated in his presence, because the operation of a motor vehicle while under suspension does not necessarily involve, 'on any part of the driver, any intent to cause public inconvenience, annoyance, or alarm, or recklessly create risks thereof.' 18 Pa.C.S.A. § 5503. Such an interpretation of *Leet* defies logic, and

- 6 -

we find [the defendant's] 'breach of the peace' argument devoid of merit.

***Id.*** at 169-70 (citation and footnote omitted).

On appeal, the Supreme Court affirmed our decision, but did so on a different basis. The Supreme Court emphasized that "[t]he power to arrest, as ***Leet*** instructs us, emanates from the common law. The filing of a citation, however, concerns a process that is among those set out in the Pennsylvania Rules of Criminal Procedure for commencing a summary action." ***Lockridge***, 810 A.2d at 1194. Thus, the Supreme Court found that "Pa.R.Crim.P. 410 authorizes a deputy sheriff to file a citation for a Vehicle Code summary violation based on information received from a witness," and held that the sheriff's deputy "was authorized to file the Citation charging [the defendant] with a 75 Pa.C.S. § 1543(b) violation." ***Id.*** at 1196. The Supreme Court stated:

> [T]he Superior Court was correct to distinguish ***Leet*** and apply the Rules [of Criminal Procedure] to determine whether [the deputy sheriff] had the authority to file the Citation. We also conclude that it was not necessary for the Superior Court to pass upon [the defendant's] contention regarding a breach of the peace as discussed in ***Leet***, for that aspect of ***Leet***'s discussion has no relevance to an analysis of law enforcement authority which is premised on the Rules.

***Id.*** at 1195.

Mindful of the foregoing, we turn to the suppression record in this case. There was no testimony at the suppression hearing. Rather, in lieu of testimonial evidence, the parties stipulated to the following facts:

- 7 -

1. On August 31, 2015, Adams County Deputy Sheriff Timothy Beall conducted a vehicle stop of the vehicle operated by [Appellant], Victor Copenhaver;

2. The vehicle stop occurred as a result of the deputy sheriff observing the tailgate to the pickup truck operated by the [Appellant] being in a down position. This caught his attention. He further observed that the registration on the pickup truck was expired, and additionally, the registration number was identified as belonging to a vehicle other than the one on which it was attached;

3. Deputy Sheriff Beall has the equivalent training and qualifications to a Pennsylvania police officer as he has undergone the Act 120 waiver course and is a former Maryland police officer;

4. At the time of the vehicle stop, the deputy sheriff was acting in the capacity as a deputy sheriff in Adams County;

5. The vehicle stop of [Appellant's] vehicle occurred within Adams County jurisdictional limits.

*See* Pre-Trial Order, 1/15/16, at 1.

Per the stipulated record, Deputy Beall had the same training and qualifications as a police officer in Pennsylvania, as he completed the "Act 120 waiver course" and was previously employed as a Maryland police officer. *Id.* Deputy Beall conducted the stop of Appellant's vehicle when he saw the expired registration. We note that while our Supreme Court in *Marconi* intimated that not all Motor Vehicle Code violations amount to breaches of the peace, it did not expand further, such that we have no express authority with regard to Appellant's violation of the Vehicle Code, 75 Pa.C.S.A. § 1301.[2]

---

[2] In *Marconi,* the Supreme Court stated:

Although the Supreme Court affirmed our decision in *Lockridge* on other grounds, and noted that "it was not necessary for the Superior Court to pass upon [the defendant's] contention regarding a breach of the peace," we find our analysis in that case to be instructive. In particular, we described the defendant's breach of the peace argument in *Lockridge* to be "unconvincing and his interpretation of the *Leet* decision faulty." *Lockridge*, 781 A.2d at 169. We opined that the defendant's "interpretation of *Leet* illogically limits the authority of a trained deputy to issuing citations for only those violations of the Vehicle Code that involve behavior or action similar to those actions prohibited under the disorderly conduct provision of the Crimes Code." *Id.* at 170. We also stated unequivocally that the defendant's "interpretation of *Leet* defies logic" and found its "breach of the peace" argument to be "devoid of merit." *Id.* Given this guidance – where we determined that driving while

---

It has been suggested, in the Vehicle Code context, that all criminal violations represent breaches of the peace, and, therefore, there is no need to distinguish between sheriffs' peacekeeping powers and Code enforcement activities. This sort of oversimplification, however, does not provide the necessary grounding for a reasoned judicial opinion. First, Vehicle Code enforcement entails more than just arrests for criminal violations, as exemplified by the present case concerning the establishment of checkpoints to conduct suspicionless stops. Second, there are Vehicle Code violations constituting summary offenses which do not readily comport with the conception of a breach of the peace, for example, the failure to employ a seat belt.

*Marconi*, 64 A.3d at 1049 n.6 (citations omitted).

under suspension is a breach of the peace – we cannot say in Appellant's case that driving with an expired registration is not. Accordingly, we are not persuaded that Appellant's first issue merits relief.

In his next two issues, Appellant challenges the sufficiency and weight of the evidence presented at trial.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. . . . When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003) (citations omitted). "In conducting our review, we consider all of the evidence actually admitted at trial and do not review a diminished record." *Id.*

With regard to a weight of the evidence claim:

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. "Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim."

*Commonwealth v. Gibbs*, 981 A.2d 281, 282 (Pa. Super. 2009) (citations omitted). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Id.*

- 10 -

(citation omitted).

Upon review of Appellant's sufficiency and weight claims, together with the record and prevailing legal authority, we conclude that the Honorable Thomas R. Campbell, sitting as the trial court and finder of fact, has authored a comprehensive opinion addressing these issues. Accordingly, we adopt that portion of Judge Campbell's opinion as our own. *See* Trial Court Opinion, 11/20/17, at 6-10 (finding credible the Commonwealth's direct and circumstantial evidence that Appellant operated a vehicle with red eyes and slurred speech; that odors of alcohol and marijuana emanated from Appellant's vehicle; that suspected marijuana and drug paraphernalia were discovered inside Appellant's vehicle; and Appellant exhibited signs of impairment during the course of standardized field sobriety tests, leading the trial court to conclude that the evidence was sufficient to support the "necessary elements of the offenses, and prove beyond a reasonable doubt that Appellant committed the offenses").

In sum, Appellant's claims do not merit relief, and we therefore affirm the judgment of sentence. Because we have partially adopted the trial court's opinion, we direct the parties to include it in any future filings relating to the merits of this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/07/2018