J-S36039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAYTON N. BONAWITZ | : | |
| | : | |
| Appellant | : | No. 158 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 15, 2019
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002092-2017

BEFORE:  PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED JULY 31, 2019**

Clayton N. Bonawitz (Bonawitz) appeals from the judgment of sentence imposed by the Court of Common Pleas of Cumberland County (trial court) after his bench conviction of Driving Under the Influence, General Impairment, 75 Pa.C.S. § 3802(a)(1).  Specifically, Bonawitz challenges the trial court's denial of his motion to suppress and the sufficiency of the evidence to support his conviction.  We affirm.

We take the following pertinent factual background and procedural history from our review of the certified record and the trial court's March 27, 2019 opinion.  On Friday, April 20, 2017, at approximately 11:00 P.M., North Middleton Police Officer Sean Sullivan was in a marked police vehicle heading northbound when he observed a vehicle travelling southbound drive over the centerline.  (**See** N.T. Trial, 11/20/18, at 5).  Officer Sullivan made a U-turn

---

\*   Retired Senior Judge assigned to the Superior Court.

and began following the car. Motor vehicle recordings (MVR) from Officer Sullivan's police vehicle showed the officer's view from two minutes before the traffic stop through its completion. The MVR showed Bonawitz traveling over the centerline into oncoming traffic as he initially approached the officer's oncoming vehicle, and two more times immediately after Officer Sullivan made the U-turn to follow him. In addition, the video showed Bonawitz cross the fog line onto the shoulder and travel closely beside trees, telephone poles and a traffic sign. Less than twenty seconds later, the video shows Bonawitz again crossing over the fog line. In addition to these clear swerves over the center- and fog lines, the MVR shows Bonawitz at least driving directly on top of those lines, but it was unclear from the video whether he fully crossed them. Officer Sullivan testified that based on his observations, Bonawitz drove over the centerline about three times and over the fog line six or seven times. (**See** **id.** at 26). Officer Sullivan activated his emergency lights in an effort to stop Bonawitz for violating Section 3309(1) of the Pennsylvania Motor Vehicle Code.

When the officer made contact with Bonawitz, he "was fumbling around, looking for his license, registration, and insurance." (N.T. Trial, at 6). Officer Sullivan, who was specially trained related to DUIs, observed that Bonawitz had bloodshot, glassy eyes and that the odor of alcohol emanated from the vehicle consistent with intoxication. (**See id.** at 6-7). After Officer Sullivan called for backup, Officer Lively responded and asked Bonawitz to submit to

field sobriety and preliminary breath tests. Bonawitz refused. During the stop, Bonawitz repeatedly asked Officer Sullivan to contact another police officer that Bonawitz allegedly knew. When Officer Sullivan asked Bonawitz about drinking that evening, he became "defensive and combative." (*Id.* at 26). Bonawitz initially refused to exit his vehicle and instead turned on his cell phone to record the officers.

Officer Sullivan ultimately arrested Bonawitz based on his suspicion that Bonawitz was unable to operate his vehicle safely due to intoxication. When Officer Lively searched Bonawitz's vehicle, he found three open containers of beer and a cooler with ice and eleven unopened beers on the floor in the front of the car.

On November 20, 2018, Bonawitz filed a motion to suppress the "stop, seizure, detention and any subsequent evidence" for lack of cause to stop his vehicle, which the trial court denied. (Omnibus Pre-Trial Motion to Suppress, 11/20/18, at 2). The same day, after a bench trial, the court convicted Bonawitz of DUI, General Impairment, and sentenced him on January 15, 2019, to six months' supervised probation, costs and fines, and ordered him to obtain a drug and alcohol evaluation and follow any recommended treatment. Bonawitz timely appealed. He and the court complied with Rule 1925. *See* Pa.R.A.P. 1925.

On appeal, Bonawitz argues first that the trial court abused its discretion in denying his motion to suppress.[1] He maintains that Officer Sullivan lacked the requisite probable cause to stop his vehicle and that, therefore, any evidence obtained should have been suppressed. (*See* Bonawitz's Brief, at 17-21).

Pursuant to the Pennsylvania Motor Vehicle Code:

> Whenever a police officer . . . has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b).

"However, [t]raffic stops based on a reasonable suspicion . . . of . . . a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose." *Commonwealth v. Cephus*, ___ A.3d ___, 2019 WL 1785117, at *2 (Pa. Super. filed Apr. 24, 2019)

---

[1] "Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Palmer*, 145 A.3d 170, 173 (Pa. Super. 2016) (citation omitted). "Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Id.* (citation omitted). "Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous." *Id.* (citation omitted).

(citation and internal quotation marks omitted). "For a stop based on an observed violation of the vehicle code or an otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop." *Id.* (citation omitted); *see also Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*), *appeal denied*, 25 A.3d 327 (Pa. 2011) ("Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation.").

Here, Officer Sullivan testified that he stopped Bonawitz for violating Section 3309(1) of the Motor Vehicle Code, which provides, "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." 75 Pa.C.S. § 3309(1).[2] The trial court found that Officer Sullivan had probable cause to effectuate the traffic stop where: "[Bonawitz] traveled on a two-lane highway with other traffic present, crossed the fog and centerlines multiple times each, and narrowly avoided colliding with telephone poles, trees, and a traffic sign." (Trial Court Opinion, 3/27/19, at 3). We agree.

---

[2] Counsel appeared to agree that Officer Sullivan pulled Bonawitz over for travelling outside his lane, rather than on suspicion of DUI. (*See* N.T. Trial, at 40-41).

At trial, the Commonwealth presented evidence that Bonawitz was driving on a two-lane road, and when Officer Sullivan's car approached his vehicle, Bonawitz was traveling over the centerline. (**See** N.T. Trial, at 5). The officer observed Bonawitz crossing over the fog and centerlines on "numerous occasions." (**Id.**). Throughout the MVR, Bonawitz can be seen driving on top of the center and fog line multiple times. (**See** Commonwealth's Exhibit 3). Additionally, the MVR shows that when Bonawitz crossed the fog line, he narrowly missed trees, telephone poles and a traffic sign.

Based on the foregoing, we conclude that the trial court properly found that Officer Sullivan had probable cause to stop Bonawitz. Therefore, the record supports its denial of the motion to suppress and Bonawitz's first argument does not merit relief.[3] **See Palmer**, **supra** at 173.

---

[3] Moreover, we are not legally persuaded by Bonawitz's reliance on **Commonwealth v. Gleason**, 785 A.2d 983 (Pa. 2001), and **Commonwealth v. Garcia**, 859 A.2d 820 (Pa. Super. 2004). (**See** Bonawitz's Brief, at 12). In **Garcia**, this Court concluded that "where a vehicle is driven outside the lane of traffic for just a momentary period of time and in a minor manner, a traffic stop is unwarranted," and that, therefore, the police officer lacked probable cause. **Garcia**, **supra** at 823. However, in that case, unlike in the one before us, the defendant only drove over the fog line twice within the space of two blocks in response to another vehicle coming toward him in the opposite lane. **See id.** Similarly, in **Gleason**, we found that the officer lacked probable cause to stop a vehicle where the defendant was driving on a four-lane divided highway when he crossed the fog line two or three times over a quarter of a mile and there were no other vehicles on the roadway. **See Gleason**, **supra** at 985.

In comparison, in cases presented with situations far more akin to those here, this Court found that the police officers had probable cause to effect a

Next, Bonawitz argues that the evidence was insufficient to support his conviction of DUI, General Impairment, because the Commonwealth failed to prove that he had imbibed enough alcohol to render him incapable of "safe driving." (**See** Bonawitz's Brief, at 22-25).[4]

Pursuant to 75 Pa.C.S. § 3802(a)(1), "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). Based on this clear language, to prove a violation of Section 3802(a)(1), the Commonwealth must

---

traffic stop. **See Feczko**, **supra** at 1292 (police officer had probable cause to support stop where defendant touched fog line multiple times and crossed over centerline when negotiating a curve); **Commonwealth v. Chernosky**, 874 A.2d 123, 128 (Pa. Super. 2005), *appeal denied*, 902 A.2d 1238 (Pa. 2006) (police had probable cause where defendant crossed both center and fog lines more than once and narrowly missed hitting telephone pole); **Commonwealth v. Mickley**, 846 A.2d 686, 690 (Pa. Super. 2004), *appeal denied*, 860 A.2d 489 (Pa. 2004) (distinguishing **Gleason**, and holding police had probable cause where defendant was driving on two-lane highway and therefore "posed a clear hazard to herself and the motoring public"); **Commonwealth v. Lindblom**, 854 A.2d 604, 608 (Pa. Super. 2004), *appeal denied*, 868 A.2d 1198 (Pa. 2005) (police had probable cause where driver crossed center and fog lines four or five times each).

[4] "A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Commonwealth v. Copenhaver**, 200 A.3d 956, 963 (Pa. Super. 2018) (citation omitted). "When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Id.** (citation omitted).

establish that "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." **Commonwealth v. Teems**, 74 A.3d 142, 145 (Pa. Super. 2013), *appeal denied*, 79 A.3d 1098 (Pa. 2013) (citation and internal quotation mark omitted). The types of evidence the Commonwealth may use to establish a violation of subsection 3802(a)(1) include, but are not limited to: "the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech." **Id.** (citation omitted).

Here, the Commonwealth presented evidence that Bonawitz's consumption of alcohol substantially impaired his ability to operate a motor vehicle safely. Officer Sullivan's testimony established that Bonawitz swerved over the center and fog lines several times, narrowly avoiding colliding with trees, telephone poles and a traffic sign. When Officer Sullivan stopped Bonawitz's vehicle and interacted with him, he saw that Bonawitz's eyes were bloodshot and glassy and smelled the odor of alcohol emanating from the vehicle. (**See** N.T. Trial, at 6-8). Bonawitz "fumbl[ed] around, looking for his license, registration and insurance[,]" repeatedly refused a field sobriety test, told the arresting officers to contact another member of the police force that he knew, and initially refused to get out of the vehicle. (**Id.** at 6; **see id.** at

6-7, 17). When asked about drinking that evening, Bonawitz became "defensive and combative." (*Id.* at 26). Based on his training and experience, Officer Sullivan believed this behavior to be consistent with intoxication. (*See id.* at 4, 7). Finally, the police officers found three open beer cans on the floor of Bonawitz's vehicle and eleven cold beers in a cooler of solid ice. (*See id.* at 11; Commonwealth's Exhibits 1 and 2).

Based on the above evidence, we conclude that the trial court properly found that the evidence was sufficient to establish that Bonawitz imbibed enough alcohol to render him incapable of driving safely. *See Copenhaver*, *supra* at 963. Bonawitz's second issue fails and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2019

- 9 -