IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT
**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 48 MAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 383 MDA 2018 dated |
| | : | 12/7/18 affirming the judgment of |
| v. | : | sentence of the Adams County Court of |
| | : | Common Pleas, Criminal Division, at |
| | : | No. CP-01-CR-0001070-2015 dated |
| VICTOR LEE COPENHAVER, | : | 9/18/17 |
| | : | |
| Appellant | : | ARGUED: November 21, 2019 |

## OPINION

**CHIEF JUSTICE SAYLOR**                                    **DECIDED:  April 22, 2020**

In this appeal by allowance, we address whether a deputy sheriff may conduct a traffic stop on the basis of an expired registration sticker, on the theory that such a violation amounts to a breach of the peace.

In August 2015, a deputy sheriff conducted a vehicle stop of Appellant's pickup truck.  Upon approaching the truck, the deputy noticed an odor of alcohol and marijuana emanating from the passenger compartment.  After administering field sobriety tests, he arrested Appellant for suspected driving under the influence of alcohol and controlled substances ("DUI").  *See* 75 Pa.C.S. §3802(d).  Appellant was ultimately charged with DUI and other offenses.

Appellant challenged the deputy's authority to conduct a traffic stop and sought suppression of all evidence obtained during the encounter.  Rather than presenting

testimony at a suppression hearing, the parties stipulated that Appellant was driving the vehicle in question and that the deputy had training and qualifications equivalent to that of a police officer. The parties also agreed that:

> The vehicle stop occurred as a result of the deputy . . . observing the tailgate to the pickup truck operated by . . . [Appellant] being in a down position. This caught his attention. He further observed that the registration on the pickup truck was expired, and additionally, the registration number was identified as belonging to a vehicle other than the one on which it was attached[.]

Order of Stipulated Facts 1, ¶2, Jan. 12, 2016.[1] In connection with the motion to suppress, Appellant argued that an expired registration tag does not give rise to a breach of the peace for purposes of a deputy's residual common law authority to make arrests. *See Commonwealth v. Copenhaver*, No. CP-01-CR-0001070-2015 (C.P. Adams), Brief for Defendant at 3. *See generally Commonwealth v. Leet*, 537 Pa. 89, 96, 641 A.2d 299, 303 (1994) (concluding that appropriately trained sheriffs and their deputies retain authority at common law to enforce the motor vehicle code whenever an offense involving a breach of the peace occurs in their presence).

By contrast, the Commonwealth apparently interpreted the above-quoted portion of the stipulation as signifying that the deputy was aware, before the stop, not only that the sticker had expired, but that it belonged to another vehicle. Thus, positing that Appellant's actions were indicative of public risk, namely, a possible vehicle theft, the Commonwealth argued that the factors described in the stipulation, taken together,

---

[1] Both parties acknowledged that the deputy was aware that the truck's tailgate was down at the time of the stop. That factor, however, does not give rise to a Vehicle Code violation, and the parties' present advocacy does not elaborate on what, if any, significance should be attributed to it. In any event, it is beyond the scope of the question presented to this Court. As such, we do not consider it material to this appeal.

gave rise to a breach of the peace. *See Copenhaver*, No. CP-01-CR-0001070-2015 (C.P. Adams), Brief for Commonwealth at 4-5.

The common pleas court denied suppression. In its reasoning, the court relied on a line of this Court's cases reinforcing that duly-trained sheriffs' deputies – that is, deputies who have received the same training required of police officers – have residual common law authority to enforce the Vehicle Code when they witness a violation that comprises a breach of the peace. *See, e.g.*, *Commonwealth v. Marconi*, 619 Pa. 401, 413-14, 64 A.3d 1036, 1043-44 (2013); *Commonwealth v. Lockridge*, 570 Pa. 510, 516, 810 A.2d 1191, 1194 (2002); *Leet*, 537 Pa. at 96, 641 A.2d at 303. Because the deputy who stopped Appellant's truck had received the same training required of police officers, the court determined that he was authorized to conduct a stop if the violation he witnessed amounted to a breach of the peace. Seemingly in agreement with the Commonwealth's understanding of the stipulation, the court concluded that, because the deputy observed Appellant operating the truck with an expired registration tag, which also belonged to a different vehicle, the truck could have been stolen, which would "certainly [be] a breach of the peace." *Commonwealth v. Copenhaver*, No. CP-01-CR-1070-2015, *slip op.* at 6 (C.P. Adams Nov. 20, 2017).[2]

After a bench trial, Appellant was convicted of DUI and other offenses, and he was sentenced to a term of partial confinement. Appellant lodged an appeal, arguing that his suppression motion should have been granted because operating a vehicle with an expired registration sticker does not by itself constitute a breach of the peace.

---

[2] Although Appellant's Rule 1925(b) statement expressly challenged the deputy's authority to stop his vehicle on the sole basis of an expired registration sticker, the trial court, as noted, proceeded from the premise that the deputy was aware, before making the stop, that the registration was associated with a different vehicle. However, it did not explain why it read the stipulation in this way, nor did it address whether a registration tag's expired status, without more, involves a breach of the peace.

The Superior Court affirmed in a published decision. *See Commonwealth v. Copenhaver*, 200 A.3d 956 (Pa. Super. 2018). The court relied on this Court's decisional law, noted above, affirming that appropriately trained deputies are permitted to make arrests for Vehicle Code violations amounting to an in-presence breach of the peace. The court highlighted that, aside from concluding that not all Vehicle Code violations comprise a breach of the peace, *see Marconi*, 619 Pa. at 411 n.6, 64 A.3d at 1042 n.6 (suggesting that the failure to use a seatbelt is not a breach of the peace), this Court has yet to expound upon which offenses rise to that level.

Although the Commonwealth maintained that the totality of Petitioner's actions amounted to a breach of the peace, the Superior Court nonetheless chose to limit its discussion to whether driving with an expired registration tag, in and of itself, involved a breach of the peace, without considering the other stipulated facts.[3] As a means of resolving that limited question, the court relied on its decision in *Commonwealth v. Lockridge*, 781 A.2d 168 (Pa. Super. 2001), *aff'd on other grounds*, 570 Pa. 510, 810 A.2d 1191 (2002).

_____

[3] Notably, in its brief to the Superior Court, the Commonwealth conceded that operating a vehicle with an expired registration sticker, without more, may not constitute a breach of the peace. *See Commonwealth v. Copenhaver*, 200 A.3d 956 (Pa.Super. 2018), Brief for Commonwealth at 12.

For his part, Appellant criticized the trial court's failure to consider whether operating a vehicle with an expired registration tag amounted to such a breach. Appellant expressed confusion as to how the deputy could have been able to determine whether Appellant's expired registration sticker belonged to a different vehicle, reasoning that, "[w]hen registration stickers were required, they only showed the date it expired, and no further identifying information." *Id.*, Brief for Appellant at 19 n.9. Appellant claimed that, in an attempt to elevate a minor Vehicle Code violation to a breach of the peace, the trial court improperly stated that the registration on Appellant's truck belonging to a different vehicle evidenced a possible theft.

In *Lockridge*, the intermediate court rejected the defendant's contention that deputy sheriffs should only be permitted to issue citations for Vehicle Code violations where the actions involved are comparable to disorderly conduct as defined by the Crimes Code. *See* 18 Pa.C.S. §5503. *Lockridge* reasoned that such an interpretation of *Leet* would illogically limit the authority of a trained deputy. Ultimately, the *Lockridge* court held that driving with a suspended license was a breach of the peace. *See Lockridge*, 781 A.2d at 170. Turning to the facts of the present case, the Superior Court concluded that, in light of *Lockridge*, Appellant's action in driving the pickup truck with an expired registration tag involved a breach of the peace, thus authorizing the deputy to conduct the traffic stop. *See Copenhaver*, 200 A.3d at 963.

Appellant sought further review in this Court, and framed the issue for resolution as follows:

> Did the Superior Court err in finding that an expired vehicle registration tag constitutes a "breach of the peace", thus granting sheriffs and citizens a common law power to arrest on that basis alone?

*Commonwealth v. Copenhaver*, ___ Pa. ___, 215 A.3d 970 (2019) (*per curiam*).

Appellant maintains that operating a vehicle with an expired registration tag does not entail a breach of the peace as understood at common law. Specifically, Appellant observes that, prior to the enactment of the Crimes Code, such a breach was defined as an "outward, visible, audible or violent demonstration; not from quiet orderly and peaceable acts secretly done . . .." *Commonwealth v. Sherman*, 14 Pa. D.&C. 4, 8 (C.P. Phila. 1930). Although Appellant acknowledges the Superior Court's previous determination that all indictable misdemeanors amount to breaches of the peace, *see Commonwealth v. Magaro*, 175 Pa. Super. 79, 83-84, 103 A.2d 449, 452 (1954), he stresses that summary offenses, which were recognized at common law, are considered to be "of a petty nature or of lesser gravity than an indictable offense."

*Commonwealth v. Cano*, 389 Pa. 639, 650, 133 A.2d 804, 805 (1957) (citing *Duke v. United States*, 301 U.S. 492, 495, 57 S. Ct. 835, 836-37 (1937)). Because operating a vehicle with an expired registration is a summary offense, *see* 75 Pa.C.S. §1301(d), Appellant posits that the violation is of a petty nature. As such, Appellant advances that the offense does not constitute a breach of the peace empowering a deputy sheriff to conduct a traffic stop pursuant to any residual common law authority.[4]

The Commonwealth concedes that operating a vehicle with an expired registration sticker, in and of itself, may not comprise a breach of the peace. Because the expired registration belonged to a different vehicle, however, the Commonwealth argues (as it did before the Superior Court) that a reasonable possibility existed that the truck may have been stolen. Thus, the Commonwealth submits that Appellant's Vehicle Code violations, when considered together, gave rise to a breach of the peace.

The question before this Court, however, is limited to whether operating a vehicle with an expired registration sticker, standing alone, amounts to a breach of the peace, and hence, that is the only question we will resolve. *See supra* note 4. As "breach of the peace" was a criminal offense prior to the enactment of the Crimes Code, and as this Court has not yet had occasion to describe the contours of that concept, we begin by turning to the historical definition of the phrase to determine its present application.

As Appellant highlights, before the Crimes Code was enacted, Pennsylvania courts recognized that a breach of the peace "generally manifests [itself] by some

---

[4] Appellant also argues that deputy sheriffs should not be authorized to effectuate traffic stops based on supposed common law powers. His claim in this regard amounts to a contention that the *Leet* line of cases should be overruled. Any issue along those lines is beyond the scope of the question presently before this Court. *See generally* Pa.R.A.P. 1115(a)(3); *Commonwealth v. Metz*, 534 Pa. 341, 347 n.4, 633 A.2d 125, 127 n.4 (1993) (observing that "on appeal we are limited to the issues as framed in the petition for allowance of appeal") (citation omitted); *Rendell v. Pa. State Ethics Comm'n*, 603 Pa. 292, 309, 983 A.2d 708, 718 (2009) (same).

outward, visible, audible or violent demonstration; not from quiet, orderly and peaceable acts secretly done . . . ." *Sherman*, 14 Pa. D.&C. at 8. Scholarly commentary also indicates that "breach of the peace" has been associated with violent or potentially violent conduct. *See, e.g.*, Thomas Y. Davies, *The Fictional Character of Law-and-Order Originalism: A Case Study of the Distortions and Evasions of Framing-Era Arrest Doctrine in Atwater v. Lago Vista*, 37 WAKE FOREST L. REV. 239, 300 (2002) (indicating that "both the major common-law treatises and the immediate post-framing American sources indicated that 'breach of the peace' was understood to refer to violent or potentially violent public tumults or disturbances").

Consistent with this understanding, other jurisdictions have equated a breach of the peace with violent or dangerous activities or behavior. *See, e.g.*, *Kansas City v. Thorpe*, 499 S.W.2d 454, 458 (Mo. 1973) ("'[B]reach of the peace,' . . . refers only to acts or conduct inciting violence or intended to provoke others to violence."); *People v. Perry*, 193 N.E. 175, 177 (N.Y. 1934) ("A breach of the peace is . . . a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community." (internal quotation marks and citations omitted)); *accord State v. Randolph*, 121 S.E.2d 349, 350 (S.C. 1961). To take one example, Wisconsin's Court of Appeals has held that driving under the influence of alcohol comprises a breach of the peace, as the dangerous nature of the offense threatens public safety. *See City of Waukesha v. Gorz*, 479 N.W.2d 221, 223-24 (Wis. Ct. App. 1991).

We find the thrust of these judicial and scholarly expressions persuasive. Accordingly, we now hold that – for purposes of a deputy sheriff's common law authority to enforce the Vehicle Code – a breach of the peace arises from an act or circumstance

that causes harm to persons or property, or has a reasonable potential to cause such harm, or otherwise to provoke violence, danger, or disruption to public order.

In our view, operating a vehicle with an expired registration sticker does not fit within that description, as it is not a violent or dangerous action, nor is it likely to lead to public disorder. Indeed, to the contrary, a vehicle's registration tag expires with the passage of time and, as such, the expiration is passive in nature (although there may be intentionality or knowledge with regard to the decision to drive with an expired registration). Driving a vehicle with such a sticker, moreover, does not tend to incite violence, disorder, public or private insecurity, or the like. That being the case, we conclude that driving a vehicle with an expired registration does not entail a breach of the peace.

In light of the foregoing, we will vacate the order of the Superior Court insofar as it held that operating a vehicle with an expired registration tag involved a breach of the peace, thus alone authorizing the deputy to stop Appellant's vehicle. Notably, and as developed above, in light of its holding, the Superior Court did not proceed to consider other relevant questions, such as whether the parties' factual stipulation should be read as indicating that the officer's understanding that the registration sticker was associated with a different vehicle arose in the pre-stop timeframe – consistent with the Commonwealth's position throughout this litigation. These issues should be resolved in the first instance by the intermediate court on remand.

Accordingly, the order of the Superior Court is vacated, and the matter is remanded to that court for further proceedings consistent with this opinion.


Justices Baer, Todd, Donohue, Dougherty and Mundy join the opinion.
Justice Wecht files a concurring and dissenting opinion.