J-S69043-18

2020 PA Super 214

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VICTOR LEE COPENHAVER | : | |
| | : | |
| Appellant | : | No. 383 MDA 2018 |

Appeal from the Judgment of Sentence entered September 18, 2017
In the Court of Common Pleas of Adams County Criminal Division
at No:  CP-01-CR-0001070-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

OPINION BY MURRAY, J.:                          **FILED SEPTEMBER 02, 2020**

This case is before us on remand from the Pennsylvania Supreme Court.

***Commonwealth v. Copenhaver***, 229 A.3d 242 (Pa. 2020).  Victor Lee

Copenhaver (Appellant) has appealed the judgment of sentence imposed after

the trial court convicted him of two counts of driving under the influence of

alcohol and a controlled substance (DUI), possession of a small amount of

marijuana, and three summary violations of the Vehicle Code.  Appellant

challenges, *inter alia*, the denial of his suppression motion.  With the benefit

of the Supreme Court's decision, we vacate Appellant's judgment of sentence,

reverse the order denying suppression, and remand to the trial court.

We previously summarized the underlying facts:

On August 31, 2015, Adams County Deputy Sheriff Timothy Beall
initiated a traffic stop of Appellant's vehicle because it had an
expired registration.  . . . At trial, Deputy Beall testified that after
he stopped Appellant's vehicle, he asked Appellant to produce his
license, registration, and insurance information.  Appellant flailed
his hands in the air and stated that he didn't have a license and

was suspended. While speaking with Appellant, Sheriff Deputy Beall observed an odor of alcohol and marijuana emanating from the passenger compartment of the vehicle. Sheriff Beall noticed that Appellant had bloodshot eyes and slurred speech. Sheriff Deputy Beall asked Appellant to exit the vehicle. Appellant complied and stated, "I have a bowl in my pocket." Sheriff Deputy Beall took the smoking device out of Appellant's pocket. In addition, Sheriff Deputy Beall recovered suspected marijuana from the glove box in Appellant's vehicle. Sheriff Deputy Beall advised Appellant that he was going to conduct Standard Field Sobriety Tests (SFSTs) and then led Appellant to a flat, well-lighted area. Appellant showed signs of impairment and stated that he could not complete the SFSTs. For Appellant's safety, Sheriff Deputy Beall concluded the SFSTs. Based on the totality of the circumstances, Sheriff Deputy Beall suspected that Appellant was under the influence of drugs, alcohol, or a combination of both. Sheriff Deputy Beall took Appellant into custody.

*Commonwealth v. Copenhaver*, 200 A.3d 956 (Pa. Super. 2018) (citation omitted), *appeal granted*, 215 A.3d 970 (Pa. 2019), and *vacated*, 229 A.3d 242 (Pa. 2020).

The Commonwealth charged Appellant with DUI and other offenses. In response, Appellant filed an omnibus pre-trial motion asking the trial court to suppress evidence from the vehicle stop on the basis that Appellant had not breached the peace, and therefore Deputy Beall lacked authority to enforce the Vehicle Code. Appellant's Omnibus Pre-Trial Motion, 12/31/15, at 1 (unnumbered).

At the suppression hearing, in lieu of testimony, the parties stipulated to facts, which the trial court memorialized in a pre-trial order.[1] *See* Pre-Trial

---

[1] The order also set a briefing schedule and continued the trial date at Appellant's request.

Order, 1/12/16, at 1-2.  On March 11, 2016, the court entered an order denying Appellant's suppression motion.

Following a bench trial, the trial court convicted Appellant of DUI and other offenses, and sentenced him to 72 hours to six months of partial incarceration.  Appellant timely appealed to this Court, again arguing that the court erred in denying his suppression motion "because operating a vehicle with an expired registration sticker does not by itself constitute a breach of the peace."  *Copenhaver*, 229 A.3d at 244.

Based on the Pennsylvania Supreme Court's holdings in *Commonwealth v. Leet*, 641 A.2d 299 (Pa. 1994) and *Commonwealth v. Marconi*, 64 A.3d 1036 (Pa. 2013), we could not conclude that an expired registration sticker fell outside the type of Vehicle Code violation that constituted a breach of the peace.  We explained:

> Although "sheriffs and their deputies are not 'police officers' under the Vehicle Code," *Marconi*, 64 A.3d at 1041, in *Leet*, our Supreme Court held "that the common law powers of the sheriff include the power to enforce the motor vehicle code, and that such powers have not been abrogated by statute or otherwise." *Leet*, 641 A.2d at 301. The Supreme Court stated: "a sheriff (and his deputies) may make arrests for motor vehicle violations which amount to breaches of the peace committed in their presence," where the sheriff or deputy has "complete[d] the same type of training that is required of police officers throughout the Commonwealth." *Id.* at 303. Notably, the Supreme Court in *Leet* did not identify violations which would amount to "breaches of the peace." *See Marconi*, 64 A.3d at 1049 n.5 ("At the very least, *Leet* should have considered the consequences of overlaying common-law arrest powers for one category of peace officers, cabined only by an **undefined** breach-of-the-peace litmus to determine arrest authority, over such a more refined statutory scheme.") (emphasis added).

*Copenhaver*, 200 A.3d at 961. We continued, "Given this guidance – where we determined that driving while under suspension is a breach of the peace – we cannot say in Appellant's case that driving with an expired registration is not." *Id.* at 963. Accordingly, we discerned no error in the trial court's denial of Appellant's suppression motion.[2]

Appellant petitioned for allowance of appeal. On June 27, 2019, the Pennsylvania Supreme Court granted the petition. The Supreme Court phrased the issue as follows:

> Did the Superior Court err in finding that an expired vehicle registration tag constitutes a "breach of the peace", thus granting sheriffs and citizens a common law power to arrest on that basis alone?

*Commonwealth v. Copenhaver*, 215 A.3d 970 (Pa. 2019) (*per curiam*).

On April 22, 2020, the Supreme Court issued its decision finding in Appellant's favor. The Court opined:

> [F]or purposes of a deputy sheriff's common law authority to enforce the Vehicle Code — a breach of the peace arises from an act or circumstance that causes harm to persons or property, or has a reasonable potential to cause such harm, or otherwise to provoke violence, danger, or disruption to public order.

*Copenhaver*, 229 A.3d at 246.

Applying the above definition to Deputy Beall's common law authority to stop Appellant for violating the Vehicle Code, the Supreme Court continued:

_____

[2] Adopting the trial court's analyses addressing Appellant's remaining sufficiency and weight claims, we affirmed Appellant's judgment of sentence. *Copenhaver*, 200 A.3d at 964.

- 4 -

> In our view, operating a vehicle with an expired registration sticker does not fit within that description, as it is not a violent or dangerous action, nor is it likely to lead to public disorder. Indeed, to the contrary, a vehicle's registration tag expires with the passage of time, and, as such, the expiration is passive in nature (although there may be intentionality or knowledge with regard to the decision to drive with an expired registration). Driving a vehicle with such a sticker, moreover, does not tend to incite violence, disorder, public or private insecurity, or the like. That being the case, we conclude that driving a vehicle with an expired registration does not entail a breach of the peace.

*Id.* at 246-47.

Consistent with the foregoing, the Pennsylvania Supreme Court reversed our previous decision, "insofar as it held that operating a vehicle with an expired registration tag involved a breach of the peace, thus alone authorizing the deputy to stop Appellant's vehicle." *Id.* at 247. Because we did not "proceed to consider other relevant questions, such as whether the parties' factual stipulation should be read as indicating that the officer's understanding that the registration sticker was associated with a different vehicle arose in the pre-stop timeframe — consistent with the Commonwealth's position throughout this litigation," the Supreme Court instructed us to resolve these issues on remand.[3] *Id.* Accordingly, we revisit whether the trial court erred in denying Appellant's suppression motion.

---

[3] In his concurring and dissenting opinion, Justice Wecht joined the Majority's holding that driving with an expired registration does not constitute a breach of the peace. *Copenhaver*, 229 A.3d at 247 (J. Wecht, concurring and dissenting). However, Justice Wecht wrote separately to opine: 1. given the factual record, remand to this Court was unnecessary; 2. driving a vehicle with a registration sticker belonging to another vehicle does not amount to a breach of the peace as defined by the Majority; and 3. the Pennsylvania

It bears repeating that:

When we review the ruling of a suppression court we must determine whether the factual findings are supported by the record. When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error.

**Commonwealth v. Hicks**, 208 A.3d 916, 925 (Pa. 2019) (citation omitted).

"[O]ur scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing." **Commonwealth v. Rapak**, 138 A.3d 666, 670 (Pa. Super. 2016) (citing **In re L.J.**, 79 A.3d 1073, 1087 (Pa. 2013)).

As we stated previously, Appellant argues he "was deprived of his Fourth Amendment and Article I, Section 8 guarantees when the trial court failed to suppress evidence that was obtained as the result of an illegal stop and search." **Copenhaver**, 200 A.3d at 960 (citation omitted). Now, after the Pennsylvania Supreme Court has expressly held that Appellant's expired registration does not entail a breach of the peace, we determine whether Deputy Beall had a legal basis for initiating the traffic stop.

It is well settled that police officers may initiate a traffic stop when they have probable cause that a violation of the Vehicle Code has occurred.

_____

Supreme Court's decision in **Commonwealth v. Leet**, 641 A.2d 299 (Pa. 1994), should be overruled. **Copenhaver**, 229 A.3d at 247 (J. Wecht, concurring and dissenting).

- 6 -

*Commonwealth v. Brown*, 64 A.3d 1101, 1105 (Pa. Super. 2013), *appeal denied*, 79 A.3d 1096 (Pa. 2013). Although "sheriffs and their deputies are not 'police officers' under the Vehicle Code," *Marconi*, 64 A.3d at 1041, the Supreme Court held that "the common law powers of the sheriff include the power to enforce the motor vehicle code, and that such powers have not been abrogated by statute or otherwise." *Leet*, 641 A.2d at 301. The Supreme Court stated, "a sheriff (and his deputies) may make arrests for motor vehicle violations which amount to breaches of the peace committed in their presence," where the sheriff or deputy has "complete[d] the same type of training that is required of police officers throughout the Commonwealth." *Id.* at 303.

The Commonwealth has intimated that Deputy Beall knew the registration sticker on Appellant's vehicle belonged to a different vehicle **prior** to stopping Appellant. *See* Commonwealth Brief at 6 ("Appellant's vehicle was bearing an expired tag belonging to a different vehicle. The resulting distinct and reasonable possibility that the vehicle had been stolen constituted a breach of the peace and authorized the detention of Appellant's vehicle.").

The pre-trial order memorializing the factual stipulations between Appellant and the Commonwealth states that Deputy Beall "further observed that the registration on the pickup truck was expired, and additionally, the registration number was identified as belonging to a vehicle other than the one on which it was attached." Pre-Trial Order, 1/15/16, at 1 ¶ 2. The stipulated facts do not specify whether Deputy Beall discovered that the

registration sticker belonged to a different vehicle **before or after** he initiated the traffic stop. ***See id.***

Further, the Commonwealth's affidavit of probable cause reads:

On August 31, 2015 Deputies Beall and Garcia were in uniform, operating an unmarked patrol vehicle. While travelling west on Cherry Street approaching Gettysburg Street in Arendtsville Borough, Deputies' attention was attracted to a gray Dodge Truck traveling westbound in front of them. This truck displayed a PA registration, HZD1558. **Further examination revealed the tag had an expired sticker, 2/15.** The truck made a right onto Gettysburg Street, a left onto Chestnut and a right onto South High Street, where Deputies stopped the vehicle for the violation at 1745 hours.

Deputy Beall approached the driver, later identified as [Appellant], who was the only occupant in the vehicle. [Appellant] was advised why he was stopped and asked to produce his license, registration and insurance information. [Appellant] threw his hands in the air and stated, "I don't got a license, I'm suspended." While speaking to [Appellant], Deputy Beall could smell an odor of marijuana coming from the passenger compartment of the vehicle, as well as a strong odor of an alcoholic beverage coming from [Appellant]." Deputy Beall also noted that [Appellant] had bloodshot eyes and slurred speech.

[Appellant] also stated that he had an outstanding arrest warrant (CP-01-MD-0003003-2014). Deputy Beall checked [Appellant's] information via the dispatcher and it was learned that [Appellant's] driver's license was expired (9-30-1993) and the warrant was active. Additionally, **the registration displayed on the truck came back to a 2001 Pontiac** and was verified as expired.

Affidavit of Probable Cause, 9/3/15, at 1 (emphasis added).

The affidavit of probable cause indicates that Deputy Beall discovered the registration sticker belonged to another vehicle after he stopped Appellant's vehicle. Thus, as Justice Wecht correctly observed, "nothing in

- 8 -

the record suggests that Deputy Beall knew—before he stopped [Appellant]— that the registration belonged to another vehicle." **Copenhaver**, 229 A.3d at 249 (J. Wecht, concurring and dissenting). Because the expired registration sticker did not amount to a breach of the peace, and there is no record evidence of a breach of the peace prior to Deputy Beall initiating the traffic stop, we conclude that the stop was illegal.[4]

In sum, with the benefit of the Supreme Court expressly determining that driving a vehicle with an expired registration does not entail a breach of the peace, we conclude that the traffic stop in this case was improper. The trial court thus erred in denying Appellant's motion to suppress the evidence derived from the stop. Accordingly, we vacate Appellant's judgment of sentence, reverse the order denying the suppression motion, and remand to the trial court for proceedings consistent with this decision.

Judgment of sentence vacated. Suppression order reversed. Case remanded. Jurisdiction relinquished.

---

[4] The Pennsylvania Supreme Court observed, "Both parties acknowledged that [Deputy Beall] was aware that the truck's tailgate was down at the time of the stop." **Copenhaver**, 229 A.3d at 260 n.1. However, "[t]hat factor . . . does not give rise to a Vehicle Code violation[.]" **Id.**

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>09/02/2020</u>